## Murdy *versus* McCutcheon et ux.

95        435|
e 25 SC ²548|
95        435|
e 32 SC ¹129|

1. A summons issued by a justice of the peace is fatally defective, which does not inform the defendant where he is to appear.

2. A summons issued against two persons and was served on one only. The claim was a joint contract and the declaration thereon was joint. Without an appearance by either defendant judgment was entered against both defendants : *Held*, that this was error and the judgment should be set aside.

3. Jamieson *v.* Pomeroy, 9 Barr 230, distinguished.

October 13th 1880.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to Court of Common Pleas, No. 1, of *Allegheny county :* Of October and November Term 1880, No. 272.

This was an action of debt brought before a justice of the peace under the Act of July 7th 1879, Pamph. L. 194, by James McCutcheon and his wife, for use of the latter, to recover upon a joint contract.

The following was the form of the summons issued by the justice :

" *County of Allegheny, ss.*—The Commonwealth of Pennsylvania to James Morford, or next constable : You are hereby commanded to summon George Murdy and John Murdy to be and appear before the subscriber, James Grubbs, Esq., a Justice of the Peace, in and for said county, on Saturday, the 18th day of October 1879, between the hours of 1 o'clock P. M. and 2 o'clock P. M., to answer Jane McCutcheon and James McCutcheon, her husband, for use of said Jane McCutcheon, in a plea of debt not exceeding three hundred dollars.  Hereof fail not.  Witness the hand and seal of the said Justice of the Peace, in the county aforesaid, the eleventh day of October A. D. 1879.

" JAMES GRUBBS, [L. S.]"

" Endorsed.  Served by leaving a true copy of the within with the first of the within named defendants and making known to him its contents, also a copy of affidavit of plaintiff, on Monday, October 13th 1879."

In default of an appearance judgment was entered generally against both defendants.  A certiorari from the Common Pleas was taken, and the following, among other exceptions, filed to the record :

1. The judgment of the justice is in error, because the summons issued is insufficient, illegal and defective, in that it does not state the place where the defendants below are to meet to answer the action brought against them.

5. The record discloses a joint but not a several indebtedness against the two defendants, and a judgment against one cannot be

[Murdy *v.* McCutcheon.]

sustained, nor a judgment against both, only one having been served.

8. The judgment of the justice is erroneous and void in toto, as it is a general judgment for the plaintiff and against both defendants, only one of whom appears to have been served.

The court, Stowe, P. J., dismissed the exceptions and affirmed the judgment, when the plaintiffs took this writ, and alleged that the court erred in this action.

*George H. Quail*, for plaintiffs in error.—The summons is defective, for it does not inform the defendant where he is to appear: Burn's Justice 673. When an action is brought against two persons on a joint contract, and service had on but one, if the judgment be entered generally against both, it is erroneous; for being indivisible and incapable of separation, it cannot be affirmed as to one and reversed as to the other: Boaz *v.* Heister, 6 S. & R. 18; Stewart *v.* Abrams, 7 Watts 448; Locke et al. *v.* Daugherty et al., 7 Wright 88; Paine *v.* Goodshall, 29 Leg. Int. p. 12; Donnelly et al. *v.* Graham et al., 27 P. F. Smith 274.

*R. E. Stewart*, for defendants in error.—The judgment may be affirmed as to the defendant served, and reversed as to the other: Jamieson *v.* Pomeroy, 9 Barr 230.

Mr. Justice MERCUR delivered the opinion of the Court, November 8th 1880.

All civil jurisdiction of justices of the peace in this Commonwealth is given by Acts of Assembly. It is limited to the amount therein specified and restricted to certain forms of action. Care should be taken that they have jurisdiction of the subject-matter of which they take cognisance, and of the person of each on whose rights they profess to pass. Holding a court of limited jurisdiction, their record should show every fact necessary to give jurisdiction whenever it is exercised: Alberti *v.* Dawson, 1 Binn. 106; Camp *v.* Wood, 10 Watts 118.

All compulsory appearance before a justice of the peace must be by writ containing information sufficiently clear and explicit to give notice when and where the defendant is commanded to appear. In this case the summons states the day, hour and the name of the justice, but wholly omits to state where his office is or that he has any. It shows the writ was issued by a justice of the peace of the county of Allegheny; but in what township, borough or ward he resides or his office can be found it gives no information.

The summons issued against two persons. It was served on one only. Without any appearance by either defendant, judgment was entered against both defendants for $298.50 and costs.

Law and justice unite in declaring a person shall have an oppor-

[Murdy v. McCutcheon.]

tunity of being heard, unless he has waived it, before judgment shall be pronounced against him. Notice to appear without stating where, was practically no notice. He was not required to search in every nook of the county to find the justice. The law imposes no such duty on a person served with process as defective as this. Without any appearance by the one defendant thus served, judgment against him alone could not be sustained. A justice of the peace is a judicial officer. He holds a court. That is, a place where justice is judicially administered. To that place the defendant should have been summoned to appear: King v. King et al., 1 P. & W. 15.

It is true, it was held in Jamieson v. Pomeroy, 9 Barr 230, that the judgment might be affirmed against the defendants served and reversed as to the one not served. There the two served appeared, made defence and had a trial, but judgment was entered generally against all the defendants. That is not this case. Here there was no appearance by either defendant. No hearing of either, no trial. Judgment was entered against both of the defendants, as the record declares, " by default." It is conceded that the judgment is bad against the one not served. The claim was on a joint contract. The declaration was joint. The judgment is joint. It is incapable of separation: Boaz et al. v. Heister, 6 S. & R. 18; Donnelly v. Graham, 27 P. F. Smith 274.

The learned judge erred in not sustaining the first, fifth and eighth exceptions. We deem it unnecessary to consider the other exceptions. The assigments are sustained.

> Judgment reversed, and judgment of the justice also reversed and set aside.