# Garey & Pender v. Redmond.

A summons issued by a Justice of the Peace must state the district, and place in the district, in which the defendant is to appear; unless it does so the Justice has no jurisdiction over the defendant.

The record must show that some evidence was heard by the Justice, and a sufficient entry upon the record to show proof of claim.

The Constable must make return of the service of his summons, under oath; and the return when under oath must show a service in the manner provided by law.

Since the Act of July 9th, 1901, P. L. 614, a summons must be served by copy, and a service by making contents known is illegal.

Judgment should only include the claim and interest; the costs should not be added to the debt and judgment entered for the gross sum.

FAILURE OF SUMMONS TO DESIGNATE LOCATION OF OFFICE OF JUSTICE—JURISDICTION—SERVICE OF SUMMONS—RETURN UNDER OATH—ACT OF JULY 9, 1901, P. L. 614—COSTS.

Certiorari to J. S. Vaughn, Esq., J. P.

No. 63, January Term, 1903, C. P. Wyoming Co.

James W. Piatt, Esq., for Defendant.

Opinion by DUNHAM, P. J., January 26, 1903.

## COPY OF SUMMONS:

The following is the form of summons issued by the Justice:

"Wyoming county, SS. The Commonwealth of Pennsylvania to T. P. Collins, Constable of North Branch township: You are hereby commanded to summon Mary E. Redmond to be and appear before the subscriber, T. S. Vaughn, Esq., a Justice of the Peace, in and for said county, on Tuesday, the 28th day of October, at 10 o'clock a. m., to answer Garey and Pender in an action of assumpsit not exceeding three hundred dollars. Hereof fail not. Witness the hand and seal of said Justice of the Peace, in the county aforesaid, the 22nd day of October, A. D. 1902. T. S. Vaughn. (L. S.)"

## OPINION:

The summons issued by the Justice in the above case, commanded the defendant to appear, before Truman S. Vaughn, a Justice of the Peace, in and for said County of Wyoming, on

October 28, 1902, at 10 o'clock a. m., but did not state where she was to appear, whether at his house or office, and no township was even given where the Justice might be found. A similar summons was held to be void in Murdy v. McCutcheon, et. ux. 95 Pa. 435. And under this case we must hold, that such a summons gave the Justice no jurisdiction over the case, and we therefore sustain the first exception of the defendant.

The second exception must also be sustained as the record shows no sufficient summons was issued, nor service made to give the Justice jurisdiction in the case.

The cases are so numerous that a plaintiff must make out his case before a Justice, by proper evidence, that we do not consider it worth while to cite them. We therefore sustain the fourth and ninth exceptions. That the Constable must make his return under oath is also too well settled to need authorities. And that the service must be such as the statute provides is too clear even for argument. Since the Act of 9th July, 1901, P. L. 614, service is required to be by a certified copy in all cases, and where this is not done, there is no legal service and nothing to give a Justice jurisdiction over the defendant, where the defendant does not appear. Therefore we must sustain the fifth, sixth and seventh exceptions.

Costs are not to be included in the judgment given by the Justice, and we sustain the tenth exception. For the foregoing reasons, the judgment of the Justice in this case cannot be sustained and must be set aside.

On January 22, 1903, upon due consideration of this case and the exceptions, the judgment of the Justice of the Peace is set aside.

Reported by James Wilson Piatt, Esq.,
Tunkhannock, Pa.