# Kelton v. Fifer, Appellant.

*Negligence—Master and servant—Presumption—Evidence.*

A master is responsible for an injury resulting from the negligence of his servant while driving the master's vehicle, provided the servant is at the time engaged in his master's business. If the master is being driven by the servant, it may be inferred without other proof that the latter is engaged in the master's business, and is subject to his control.

A bailee, or person in possession or control of a conveyance, by whatever name he may be called, is as responsible for the negligence of his driver as if he were the owner, and proof of his possession and control is equally effective as prima facie evidence that the person driving was doing so for him.

*Evidence—Oral testimony—Credibility of witnesses—Question for jury.*

Where there is any evidence which alone justifies an inference of a disputed fact, it must go to the jury; and this is generally true whether the question of the sufficiency of the evidence is raised upon motion for a non-suit, or at the conclusion of the trial in which the defendant has introduced countervailing evidence of a positive character. There may be exceptional cases where the evidence introduced by the defendant is of such conclusive and unimpeachable nature as to justify binding instructions in his favor, even though the plaintiff's evidence standing alone would justify the inferences necessary to support his claim. But this situation can scarcely ever arise where the defense rests on oral testimony, and the credibility of the witnesses is involved.

Argued May 5, 1904. Appeal, No. 85, April T., 1904, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1901, No. 310, on verdict for plaintiff in case of J. Frank Kelton and James W. Kelton, his minor son, v. Kasimer Fifer and John Campbell. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RODGERS, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for James W. Kelton, the son, for $477, and for J. Frank Kelton, the father, $75.00.

*Error assigned* was in refusing binding instructions for defendant.

*T. L. Gartner*, with him *James T. Buchanan*, for appellant.— The evidence was insufficient to submit to the jury : Howard Express Co. v. Wile, 64 Pa. 201 ; Cunningham v. Smith, 70 Pa. 450 ; Hyatt v. Johnston, 91 Pa. 196 ; Snodgrass v. Bradley, 2 Grant 43.

*J. M. Hunter*, with him *H. Q. Walker*, for appellees.—It is only where there is no evidence from which the jury can properly find for the party on whom the burden of proof rests that the question should be withdrawn from the jury by a binding charge : Hyatt v. Johnston, 91 Pa. 196 ; Longenecker v. Penna. R. R. Co., 105 Pa. 328 ; Cover v. Manaway, 115 Pa. 338 ; McKnight v. Bell, 135 Pa. 358.

OPINION BY RICE, P. J., December 21, 1904 :

The general rule that a master is responsible for an injury resulting from the negligence of his servant while driving the master's vehicle, provided the servant is at the time engaged in his master's business, is too well settled to require the citation of authorities. If the wagon is being driven by the servant, it may be inferred without other proof that the latter is

engaged in the master's business, and is subject to his control. There are authorities which hold that when the plaintiff has suffered injury from the negligent management of a vehicle, such as boat, car or carriage, it is sufficient prima facie evidence that the negligence was imputable to the defendant, to show that he was the owner of the thing without proving affirmatively that the person in charge was the defendant's servant: 1 Shearman & Redfield on Negligence, section 158; Hershinger v. Penna. R. R. Co., 25 Pa. Superior Ct. 147; Joyce v. Capel, 8 C. & P. 370, 34 Eng. C. L. Rep. 433; Edgeworth v. Wood, 58 N. J. L. 463 (33 Atl. Repr. 940); Norris v. Kohler, 41 N. Y. 42. This principle or rule of evidence was recognized by us in Connor v. Penna. R. R. Co., 24 Pa. Superior Ct. 241, at page 244; but was held not to be applicable, because it appeared in the development of the plaintiff's case that the driver had leased the cab from the defendant company under an agreement in writing which was produced and identified.

The prima facie presumption that the person driving was doing so for the owner is of course stronger where the latter is in the vehicle. In an English case, where the question was whether the proper form of action was trespass or case, the court said: " There is no case militating against the position that where the owner of a carriage is sitting by the side of his servant, the act of the servant in driving is the act of the master, and the trespass of the servant is the trespass of the master. The reason is that the master is in immediate control over the servant, for the act here done was immediately injurious to the plaintiff, and it was the defendant's act; consequently, an action of trespass is the proper remedy:" Chandler v. Broughton, 2 L. J. Exchequer 25.

Nor do we regard it as essential to the establishment of the prima facie case that it be proved that the person whom the plaintiff seeks to hold liable for the negligence of the driver was the absolute owner of the conveyance. His responsibility for the management of the conveyance arises not from the fact of ownership, but from the fact that the person managing it was his servant or agent. Proof of ownership unexplained is simply presumptive evidence that the latter was acting in that capacity. A bailee, or person in possession or control of the conveyance, by whatever name he may be called, is as respon-

sible for the negligence of his driver as if he were the owner, and proof of his possession and control is equally effective as prima facie evidence that the person driving was doing so for him.

Here the defendant was seated by the side of the driver, Campbell, in a buggy being driven at a reckless speed along a borough street where men and children, attracted by a band that was playing, were congregated in considerable numbers. The plaintiff's evidence showed that they were racing with the driver of another vehicle, and that as they were attempting to pass him, the plaintiff, a child four years of age, who was crossing the street, was knocked to the ground by the buggy in which the defendant was seated and was run over and seriously injured. The fact of negligence was scarcely open to question; at any rate, it has been established by the verdict of the jury under appropriate instructions and is not now disputed. Was the defendant responsible ? The court charged the jury that if, as he alleged, his wife was the owner of the horse and buggy, and Campbell hired them from her, or from the defendant as her agent, and the defendant was riding with Campbell upon the latter's invitation, there could be no recovery ; but that, if they found "from the weight of the evidence that there was ownership and control in this defendant at the time the injury was inflicted," then there might be a recovery. If by " ownership " the learned judge meant absolute ownership, the instructions were more favorable to the defendant than he was entitled to. True, the plaintiff's statement of claim alleged that the rig " was the property of the defendant in his charge and control and driven by his servant John Campbell." But the gist of the action was the negligence of the defendant's driver, and it was immaterial in this issue whether he was the absolute owner or only had a qualified property right in the conveyance, provided the other allegations of the statements were substantiated by competent and sufficient evidence. There was evidence from which the jury might have found that the horse was part of the stock of livery stable business which, if not owned by the defendant, was in his charge. This latter fact was admitted by the defendant's wife who claimed to be the owner; and from the plaintiff's evidence standing alone and unexplained, the jury might have found that, ostensibly at

least, the business was the defendant's. In addition to this, it was shown that he was accustomed to using the horse and buggy both before and after the accident. That this was not an unusual thing is apparent from the testimony of Michael Sauers, who, being asked whether or not he knew that the rig belonged to the defendant, answered, "I do not; but I have seen him driving it before and seen him driving it since. I am working on the street car line, and have an opportunity of seeing him every other day or so going along." The evidence does not stop here. Immediately after the accident, the defendant and Campbell were arrested and taken before the burgess, who fined the latter for fast driving. The defendant paid the fine and costs amounting to $11.40, remarking to Campbell that he must repay him. About the time they left the burgess's office, he said, according to the testimony of two witnesses, "After this I will do my own driving," and, according to the testimony of another witness, "He said, after this he would do his own driving; that Campbell would do no more driving for him." It is to be observed further that, after the hearing, the defendant drove the horse and buggy from the burgess's office to the livery stable. It was for the jury to pass upon the credibility of these witnesses, and to determine what the defendant meant by these remarks, if he made them. Moynes v. Atwater, 88 Pa. 496 ; Loeb v. Mellinger, 12 Pa. Superior Ct. 592. Considering them in the light of the other facts to which we have alluded, it was not an unwarrantable inference that, at the time of the accident, Campbell was driving for the defendant, and that the latter had such charge and control of the conveyance as made him responsible for Campbell's negligence. We do not base this conclusion on any one of the items of the plaintiff's evidence, but on all of them taken as a connected and harmonious whole.

It is true, as argued by the defendant's counsel, that the old scintilla doctrine has been long since exploded; the more reasonable rule is now, as stated by Justice SHARSWOOD in Howard Express Co. v. Wile, 64 Pa. 201, that, where there is any evidence which alone justifies an inference of a disputed fact, it must go to the jury; and this is generally true whether the question of the sufficiency of the evidence is raised upon motion for a nonsuit, or at the conclusion of the trial in which

the defendant has introduced countervailing evidence of a positive character. There may be exceptional cases where the evidence introduced by the defendant is of such conclusive and unimpeachable nature as to justify binding instructions in his favor, even though the plaintiff's evidence standing alone would justify the inferences necessary to support his claim. But this situation can scarcely ever arise where the defense rests on oral testimony and the credibility of the witnesses is involved. This is such a case. On the plaintiff's side is testimony as to acts and declarations of the defendant from which alone the jury was justified in drawing the inferences necessary to support the plaintiff's claim; on the other side was the positive testimony of the defendant, a deeply interested witness, and his wife.

The case was for the jury, and it was submitted to them with clear, adequate and impartial instructions of which the defendant has no just cause to complain. It was the exclusive province of the jury to pass upon the credibility of the witness, weigh the evidence and ascertain the facts.

Judgment affirmed.