## Deppen v. Deibler's Administratrix.

*Practice, J. P.—Summons—Signature of justice—Seal—Omission of signature and seal — Service of summons — Copy — Acts of July 9, 1901, and April 23, 1903.*

1. A summons is of serious import and is indispensable to give a justice of the peace jurisdiction so long as it is not waived by the defendant, either by his appearance or otherwise; being of such importance, it is imperatively necessary that it appear upon its face that it is officially issued.

2. A summons without the signature of the justice of the peace lacks such evidence of official authority in the issuance thereof as the law requires.

3. A summons without the seal of the justice of the peace violates the requirement of the Act of April 23, 1903, P. L. 290, that a seal be affixed.

4. A return of service upon a summons which shows that the constable served a true copy on the defendant does not comply with the requirement of the Act of July 9, 1901, P. L. 614, that a true and attested copy shall be served.

*Certiorari.* C. P. Dauphin Co., Sept. T., 1923, No. 767.

*Mark T. Milnor,* for exceptions.

Fox, J., April 14, 1924.—In this case ten exceptions have been filed. A number of them are statements of fact and cannot be treated as exceptions in a matter of *certiorari.* The pertinent ones are seven, eight and ten, which are as follows:

"7. That said summons is defective, in that it contains no name of a justice of the peace nor a seal of the justice of the peace as prescribed by law.

Deppen *v.* Deibler's Administratrix.

"8. That the summons being defective on its face, the service of the same was likewise defective and the justice of the peace was without jurisdiction in the matter."

The summons was in the following form:

"Dauphin County, *ss.:*

"The Commonwealth of Pennsylvania, To the Constable of Elizabethville Boro., Greeting:

"Summon Annie Deibler, Admx. of John O. Deibler, decd., to appear before me, a J. P. in and for the County aforesaid, at my office, in Uniontown, on the 17th day of November, 1923, at 10 o'clock A. M., to answer H. C. Deppen in plea of *Assumpsit* not exceeding three hundred dollars.

"Given under my hand and seal, this 10th day of November, 1923.

————————————————————————, (L. S.)

Justice of the Peace."

"10. That the record of the justice of the peace is defective, in that it does not contain the original summons in *assumpsit,* together with affidavit of service on the part of the constable."

Since the exceptions were filed, the original summons has been filed with the record and is also now before us.

Two questions arise: 1. Was the original summons valid? 2. Was the service and return thereof such as entitles the justice to enter judgment against the defendant?

An examination of the original summons discloses that it was not signed by any one, but that a line is drawn through the place marked for the signature of the justice of the peace. The seal of the justice is on the back of the summons, upon which appears the name of the justice, but that seems to have been placed there in connection with the affidavit made by the constable; his seal is not affixed on the face of the summons, and, we infer, was placed on the back after the service of the summons. Whether or not a summons is valid which is not signed by the justice has not been frequently decided, and we find no cases in Pennsylvania upon the subject.

Our Act of Assembly of March 20, 1810, 5 Sm. Laws, 162, 2 Purdon (13th ed.), 2097, provides: "That the said justices are hereby respectively empowered and required, upon complaint being made to any of them touching any such demand as aforesaid, to issue a summons." The word "issue," as defined by Webster's New International Dictionary, means to send out officially or publicly; to be published, as a proclamation; to be emitted, as money. For a summons or writ to be sent out officially or by proper authority, we think the name of the officer or proper authority should appear or be shown, otherwise neither can the one to whom it is directed nor the one upon whom it is served determine that it has been officially or authoritatively issued. A summons is of serious import and is indispensable to give a justice jurisdiction, so long as it is not waived by the defendant, either by his appearance or otherwise, and, being of such importance, we think it is imperatively necessary that it appear upon its face that it is officially issued.

In 2 Cyc., at page 517, in speaking of its requisites and validity, it is said: "That it should be signed by the justice;" and at page 520 it is said: "Process issued by a justice of the peace must as a rule be signed by himself."

In the case of Murdy *v.* McCutcheon, 95 Pa. 435, the Supreme Court, amongst other things, said: "All compulsory appearances before a justice of the peace or alderman must be by writ containing information sufficiently clear and explicit to give notice when and where the defendant is commanded to appear."

Deppen v. Deibler's Administratrix.

In the case of Sechrist v. York Rys. Co., 26 Dist. R. 658, it is said: "Where the original summons of a magistrate lacks the seal required by the Act of April 23, 1903, P. L. 290, and the defendant does not appear at the hearing, judgment thereunder will be set aside on *certiorari*."

A summons without the signature of the justice of the peace, we think, lacks such evidence of official authority in the issuance thereof as the law requires, and without the seal the act of assembly requiring it is violated.

With respect to exception 8, if the summons was defective when it reached the hands of the constable, it remained so in his hands and the service of it amounted to nothing.

An examination of the return of the service further shows that the return of the constable does not show that he served a true and attested copy of the summons, and, therefore, does not comply with the Act of July 9, 1901, P. L. 614, which requires that a true and attested copy of the summons be either personally served or left with an adult member of the family of the defendant at his dwelling-house, etc. The return here is that he served it personally on the defendant by producing to her the original summons and informing her of the contents thereof and by leaving a true copy with her. This is not in compliance with the act, as the constable fails to return that it was a true and attested copy. Failure to comply with this act has been held as good ground for reversing the proceedings: Smith v. Blakeslee, 30 Pa. C. C. Reps. 142.

Wherefore, we are of the opinion that the exceptions relating to the jurisdiction of the justice of the peace must be sustained.

And now, April 14, 1924, exceptions 8, 9 and 10 to the proceedings of the justice of the peace are sustained and his judgment is reversed and set aside.

From Sidney E. Friedman, Harrisburg, Pa.