## Lassock v. Bileski, Appellant.

Argued April 18, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Edw. P. Doran,* for appellant.—The amended statement .introduced a new cause of action, after the statute of limitations had run: Hogarty v. P. & R. Ry. Co., 255 Pa. 236; Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97; Royse v. May, 93 Pa. 454; Card v. Stowers etc., 253 Pa. 575; Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Mays v. United Natural Gas Co., 268 Pa. 325.

*H. H. Fisher,* and with him *Adam B. Shaffer,* for appellee.—The plaintiff was entitled to recover under the original statement and the amended statement did not change the nature of the action: Strohl v. Levan, 39 Pa. 177; Kelton v. Fifer, 26 Pa. Superior Ct. 603; Wollaston v. Park, 47 Pa. Superior Ct. 90; Terrell v. Pgh. Rys. Co., 58 Pa. Superior Ct. 371; McCullough v. Phila. R. T. Co., 61 Pa. Superior Ct. 384; Bristol v. Phila. & Reading R. R. Co., 22 Dist. Rep. 734.

OPINION BY PORTER, P. J., July 12, 1928:

This is an action for personal injuries alleged to have resulted from the negligent operation of the automobile of the defendant. The accident occurred on March 26, 1922. This action was brought on July 26, 1923. The statement of plaintiff then filed sufficiently averred the negligent operation of the automobile of the defendant on the public highway and the injury of the plaintiff therefrom resulting. The only allegation of the statement which it is necessary to consider under the question here involved is the averment that: "the defendant was driving his said automobile." At the first trial of the case, on April 2, 1925,

it appeared in evidence that the defendant was not himself driving the automobile, but that it was being driven by his employe, and the defendant was himself riding in the car. The defendant moved for a compulsory non-suit upon the ground that there was a variance between the averment of the statement and the evidence, whereupon the plaintiff moved to amend the statement, which amendment the court allowed. The defendant, without objecting or taking an exception to the allowance of the amendment, pleaded surprise and the case was continued. The amended statement was similar in all respects to the original, except that, instead of averring that "the defendant was driving his said automobile," it averred that the automobile "was being operated and driven by the defendant's servant, who was then and immediately prior thereto acting as driver and operator of said automobile, within the scope of his employment, and engaged in and about and in furtherance of defendant's pleasure." Immediately following the sentence above quoted, the amended statement averred that: "The plaintiff further avers that the defendant was riding in his said car at the time of the accident, and at the time when plaintiff sustained the injuries herein complained of." At the second trial these averments of the amended statement were sufficiently sustained by evidence. The defendant at that trial presented a point requesting instructions in his favor, upon the ground that the amended statement introduced a new cause of action and having been filed after the statute of limitations had run the verdict should be in favor of the defendant. The court refused to so charge and there was a verdict and judgment in favor of the plaintiff. The defendant appeals and the only question raised by the assignments of error is whether the amended statement, filed after the statute of limitations had run, introduced a new cause of action.

The plaintiff in his statement is not required to set forth the evidence upon which he relies to sustain the averments thereof. If the defendant deems the averments of the statement insufficient in that regard, the proper course is to enter a rule for a more specific statement. It is not necessary to consider in this case whether the original statement would have warranted a recovery if the evidence had merely established the negligence of the servant in operating the automobile of the defendant in the absence of the latter, for the amended statement averred and the evidence established that the defendant was riding with his servant in the automobile. In Strohl v. Levan, 39 Pa. 185, it was said: "If the act was in law the act of the defendant, he is consequently liable in trespass, whether it resulted from wilfulness or negligence. That the law will esteem acts of a servant when done in his master's presence and employ, without objection or dissent, as his acts, there can be no doubt. ....... Here the son was driving, and the father, the defendant, was riding. The latter made no objection or endeavor to control his son, and if he did not, it was a presumption which a jury might well make, and which I think they were bound to make, that he assented to what was done in the management of the instrument which did the injury and, therefore, per consequence, was answerable." Where the owner of a vehicle is sitting by the side of his servant, the act of the servant in driving is the act of the master, and the trespass of the servant is the trespass of the master. The reason is that the master is in immediate control over the servant: Kelton v. Fifer, 26 Pa. Superior Ct. 605; McMahen v. White, 30 Pa. Superior Ct. 176. The defendant was riding in his automobile, which was driven by his servant. A presumption of law, therefore, arose, in the absence of evidence to rebut it, that the act of the servant was the act of the defendant. The facts averred

in the amended statement, if established by evidence, were sufficient to warrant a judgment in favor of the plaintiff upon the original statement. The amendment did not introduce a new cause of action. It merely set forth the evidence upon which the plaintiff intended to rely to establish the cause of action sufficiently averred in his original statement. The assignments of error are overruled.

The judgment is affirmed.