## Reichner v. Passamonte

*Walter R. Faries*, for plaintiff.
*Raymond Pearlstine*, for defendant.

CORSON, J., January 17, 1936.—Violet Reichner, on June 26, 1935, brought suit against Paoli Passamonte, apparently seeking to recover for damages which she sustained in an automobile accident which occurred on June 24, 1935, in this county. After hearing, the justice of the peace rendered judgment in favor of the plaintiff in the sum of $61. The defendant has filed exceptions and brought a transcript of the record before the justice into the court upon certiorari. The question to be decided is whether or not the magistrate had jurisdiction to render the judgment which was rendered in favor of the plaintiff.

A justice of the peace has only such jurisdiction in civil actions as is given him by statute, and if the jurisdiction is not expressly granted the justice does not have it: Murdy v. McCutcheon et ux., 95 Pa. 435. It is unnecessary to discuss the Act of June 23, 1897, P. L. 194, and various other acts covering the jurisdiction of magistrates, in view of the fact that the plaintiff below does not contend that the transcript contained sufficient data to sustain the judgment unless it may be sustained under The Vehicle Code of May 1, 1929, P. L. 905, sec. 1208, as amended by the Act of June 22, 1931, P. L. 751.

This section, as amended, reads as follows:

"All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman, or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent. . . . No action involving more than one hundred dollars ($100.00) shall be brought before any magistrate, alderman or justice of the peace."

From the transcript it would appear that the plaintiff sought to recover for loss of wages and for a doctor's bill, both apparently resulting from injuries which she received in the collision, and issued a summons in trespass, and that no statement of claim setting forth the basis of her action was filed. On the day of the hearing the plaintiff, according to the transcript, merely claimed from the defendant her doctor's bill of $13 and four weeks' loss of wages at $12 a week. The magistrate rendered judgment for the two amounts claimed. The plaintiff did produce a receipted bill for the doctor's bill, although there is nothing in the record to show that such bill had been sworn to by the doctor. Upon this state of facts we feel that the judgment cannot be sustained.

While section 1208, supra, says:

"All civil actions for damages, arising from the use and operation of any vehicle, may", yet the only damages that can be recovered under this section would seem to be those damages which the plaintiff has had repaired and can "produce a receipted bill for . . . properly sworn to by the said party making such repairs or his agent." The right to bring the civil action for damages is limited to those actions where the plaintiff has had the damages repaired and produces a receipted bill, etc. It would seem to have been clearly the intention of the legislature to grant jurisdiction to magistrates to recover the cost of repairing certain damages which may be sustained in or from the use and operation of any vehicle, but under this section recoverable damages are limited to such damages as have been repaired, etc. The word "repairs" must be construed in its ordinary and generally used sense and cannot be extended to cover medical treatment for injury which a person may have suffered, or to cover loss of earnings resulting from the injuries which the plaintiff may have received. It would certainly cover the cost of repairs made necessary to any vehicle damaged in collision with another vehicle. It might cover repairs to the clothing of a person injured in the collision of two vehicles, and items of a similar nature, but we cannot construe medical treatment as repairs within the meaning of this act.

We realize that there is lower court authority in conflict with our decision in the present case. In support of our ruling, however, we cite the cases of Baer v. Hallgreu, 43 Lanc. 570, Thomas v. Moses, 32 Lack. Jur. 60, and Seig v. Campbell, 17 D. & C. 322.

And now, January 17, 1936, for the reasons given in the foregoing opinion, the defendant's exceptions and certiorari are sustained and the judgment of the justice of the peace in favor of the plaintiff below is reversed. This decree shall not be construed, however, as entering judgment in favor of the defendant below, and this decree is entered without prejudice to the rights of either party in any suit that may be later instituted. This ruling is based

upon our finding that under section 1208 of The Vehicle Code, *supra*, the magistrate was without jurisdiction to entertain the action. An exception is allowed to the plaintiff below.