## Burke v. Kleppinger et al.

*Lewis R. Long,* for plaintiff.

*Linn H. Schantz,* for defendants.

HENNINGER, J., June 1, 1937.—This case comes before the court upon certiorari as to proceedings before an alderman in an action of trespass in which judgment for $83.90 was entered in favor of plaintiff and against defendants. Defendants filed six exceptions raising these points: (1) The summons is in trespass and does not specify that it is a type of trespass action within the justice's jurisdiction; (2) the record does not show whether the action is within the statute of limitations; (3) the record does not show the county in which service was made; (4) the record does not show the testimony upon which judgment is based.

All of these points save one are covered by the decision of our Superior Court in Ristau et ux. v. Crew Levick Co., 109 Pa. Superior Ct. 357, in which it is held, on page 361:

"Every presumption consistent with the record, is to be made in favor of regularity of proceedings, and strict formality will not be insisted on." See also Snyder v. Carfrey, 54 Pa. 90, and Guth v. Stein, 29 Dist. R. 669, therein cited.

We presume, therefore, that the action was within the statute of limitations, that service was made within the county, and that the judgment was based upon competent testimony, there being nothing in the record inconsistent with these presumptions.

As to the first point, the history of the jurisdiction of a justice in trespass actions is outlined in Knautt v. Massinger, 116 Pa. Superior Ct. 286, which holds in brief that the Act of March 22, 1814, P. L. 190, 42 PS §331, applied only to trespass as it was then known, namely trespass vi et armis in relation to personal property, and trespass

quare clausum fregit where the damages did not exceed $100. This jurisdiction was increased by the Act of July 7, 1879, P. L. 194, 42 PS §241, to claims for $300 and, since the language was not limited to trespass against personal property alone, it also included personal injuries. The Act of May 25, 1887, P. L. 271, 12 PS §2, abolishing the distinction, as respects procedure, between actions of trespass, trover and trespass on the case, did not operate to extend the jurisdiction of justices, and actions for consequential damages, though having no distinction in nomenclature, were still beyond a justice's jurisdiction. See also Lassock v. Bileski, 94 Pa. Superior Ct. 299; Miller v. Snyder, 11 Leh. L. J. 153.

Unless, therefore, the circumstances under which this cause of action arose amounted to trespass vi et armis or trespass quare clausum fregit, the alderman was without jurisdiction. The transcript describes the action as "trespass" and contains not a single fact to show the nature of the claim sued upon. The action, therefore, might have been for any cause of action designated trespass under the Act of 1887, supra, certain of which actions are cognizable by an alderman and others not.

It might be argued that, under the Ristau case, supra, and others, there is a presumption that the cause of action was for a type of trespass within an alderman's jurisdiction, there being nothing in the record inconsistent with that theory, but we find that that rule does not extend to questions of the justice's jurisdiction. We have found no appellate court case ruling this proposition either way, but there is a wealth of lower court cases decided by eminent jurists whose authority demands respect, holding that since the Act of 1887, supra, a record must affirmatively show that the "trespass" sued upon was the type of trespass cognizable by a justice: Fitzgerald v. Campbell, 10 Pa. C. C. 396; Wood v. Bronson, 2 Dist. R. 746; and other cases cited in 12 PS §2, note 2, and 42 PS §331, note 7. Our record does not affirmatively show the nature of the trespass and hence is faulty under these cases.

Apparently under certain circumstances an alderman has jurisdiction over trespass on the case where damages by a motor vehicle are involved and the amount is less than $100, under the Act of June 22, 1931, P. L. 751, sec. 2, 75 PS §738. This does not cure our situation, however, for our record does not show that a motor vehicle was involved or that any of the other elements granting jurisdiction under that act were present.

Now, June 1, 1937, the certiorari is sustained and the judgment of the alderman in the above-entitled action is reversed at the costs of plaintiff.