## Fisher v. Edmunds et al.

332

*Harry J. Alker, Jr.*, for plaintiff.

*Leon H. Fox*, for defendants.

KNIGHT, P. J., March 29, 1940.—On October 7, 1937, plaintiff brought suit against William F. Edmunds and Charles Edmunds, Jr., before John M. Grauel, a justice of the peace of Montgomery County. The suit was brought by Miss Fisher to recover damages she sustained when her automobile collided with another automobile. Defendants did not appear, and, after hearing, judgment was given in favor of Susanna Fisher for the full amount of her claim, $89.05.

Execution was issued, which was returned nulla bona, whereupon plaintiff entered a transcript of the judgment in this court, and filed an exemplified copy of our record in Philadelphia, and execution was issued in Philadelphia County. A petition to strike off the judgment was filed in Philadelphia County, which was dismissed.

On September 14, 1938, defendants took out a writ of certiorari, which was quashed by this court on January 26, 1939: Fisher v. Edmunds et al., 55 Montg. 309 (1939). Defendants then filed this petition on February

28, 1939. A responsive answer has been filed, and depositions taken.

In support of the petition and the rule allowed thereon five reasons are advanced. The first avers that defendants were never served with the summons issued by the justice of the peace.

The deposition of the constable, who, the record shows, made the service, was taken, and that official testified that he never served the summons and that his name on the return is a forgery. If the summons was never served on defendants, the judgment is a nullity, but can we consider this evidence in contradiction of the record?

In the case of Holly v. Travis, 267 Pa. 136 (1920), the Supreme Court, in a four-to-three decision, held that a constable's return, regular on its face, showing service, is conclusive, and cannot be contradicted by parol testimony. In other words, the return of a constable is given the same immunity from attack as the return of a sheriff.

True, here the constable himself testified that he never made the service, and his name on the return is a forgery. In the old case of Coffman v. Hampton, 2 W. & S. 377 (1841), a justice of the peace was not permitted to answer a question which might contradict his own docket entry, the court holding that the record was the best evidence, and that parol evidence, even that of the man who made the record, was inadmissible to contradict or vary it. Under these cases, we are of the opinion that we may not consider the depositions of the constable.

The jurisdiction of justices of the peace in civil cases is derived altogether from statute, and their jurisdiction must appear upon the face of their records: Murdy v. McCutcheon et ux., 95 Pa. 435 (1880) ; McCale v. Kulp, 8 Phila. 636 (1871) ; Clark v. Lehigh Valley R. R. Co., 1 Luz. L. R. Rep 90 (1872) ; Paine v. Godshall et al., 29 Leg. Int. 12 (1872) ; Swartwood v. Exeter Twp., 1 Luz. L. R. Rep. (1882) ; Groh, etc., v. Firestone, 16 Lanc. 382 (1899) ; Ketchledge v. Wyoming County, 24 Pa. C. C. 7 (1900) ; Kanatz v. Healy et al., 10 Luz. L. R. Rep.

27 (1900) ; Turner & Co. v. Central R. R. of N. J., 10 Luz. L. R. Rep. 420 (1901).

When judgment is taken by default, the record must show affirmatively the justice's jurisdiction, both of the person and subject matter: Hawthorne et al. v. Filler, 1 Schuyl. L. R. 48 (1879) ; Smith v. Noone, 1 Schuyl. L. R. 165 (1879) ; Starch v. Snyder et ux., 1 Schuyl. L. R. 172 (1879) ; Clark v. Gadshaw et al., 11 Luz. L. R. Rep. 227 (1902) ; Hartwig v. Delaware, Lackawanna & Western R. R., 31 Pa. C. C. 124 (1904).

With these general rules in mind, let us consider the transcript filed in this case. The summons is addressed to a constable, directing him to summon defendants to answer a charge of trespass, on a plea of Susanna Fisher. In order to be entirely fair, we quote in full the transcript as to the cause of action: "Said Susanna Fisher testified as to the following: On July 10, 1937, about 5:20 p. m. (d. s. t.) I was driving my Ford V-8, license R-536, west on Ridge Pike or Route 422, in Barren Hill, Whitemarsh Township, Montgomery County, Pa., approaching the intersection of Park Avenue, which is a dead end intersection to my right. Upon approaching within about fifty feet of this intersection I sounded my horn but received no response. There was a high wooden fence to my right and my view was obstructed. I was going at a speed of 30 miles an hour with my foot off the accelerator, as I had allowed for the intersection when suddenly a car approaching south of Park Avenue pulled out right in my path. Apparently this car did not stop before entering the highway or Ridge Avenue and seemed to be going at a rapid speed. My car was so close to this car I had no time to apply my brakes, although I had entered the intersection before this car pulled out. The right front of my car was struck by the front of the other car. I saw this car before it struck me and I pulled sharply to the left. In the accident my right elbow was severely bruised and I was under the care of my doctor. October 12, 1937 defendants did not appear for hearing. According to

testimony judgment was given in favor of Susanna Fisher for full amount of claim."

The tort complained of in this case, and which constituted the cause of action, or subject matter of the suit, can only be trespass vi et armis, or trespass on the case. If the latter, the jurisdiction of the justice can only be under section 36 of the Act of June 30, 1919, P. L. 678, as amended by section 30 of the Act of June 14, 1923, P. L. 718, which gave justices of the peace jurisdiction in all civil actions for damages arising from the use and operation of any motor vehicle, provided plaintiff has had said damages repaired, and shall produce a receipted bill for the same, properly sworn to by the party making such repairs. The transcript in this case does not disclose whether the damages claimed are for personal injuries, or property damages, nor is there any evidence that a receipted bill was offered in evidence. These are jurisdictional facts, and should appear affirmatively in the record.

In addition, the above-cited section, giving jurisdiction to justices of the peace in all civil actions for damages, arising from the use and operation of motor vehicles, has been held unconstitutional: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503 (1939).

A justice of the peace has jurisdiction of cases of trespass vi et armis under the provisions of the Act of July 7, 1879, P. L. 194, where the amount claimed is less than $300; and, where a person is struck by an automobile driven by another, a suit in trespass will lie for the recovery of damages to property or for personal injuries: Knautt v. Massinger, 116 Pa. Superior Ct. 286 (1935).

If the owner of the car is present at the time, a suit will lie against him, even though another is actually operating the machine: Lassock v. Bileski, 94 Pa. Superior Ct. 299 (1928); Strohl v. Levan, 39 Pa. 177 (1861).

The record, however, must disclose facts which will give the justice jurisdiction: that is, it must show that defendant was actually driving the car that caused the damage, or that he was the owner of the car and present at the time.

When we examine this record, we find it bare of these jurisdictional facts. All the transcript discloses is that plaintiff, driving her car, collided with another automobile. Who was driving the other automobile, who owned it, and what connection defendants had with it are left to the imagination. For all the record shows, they may have been mere passengers in the car, or bystanders at the scene, or they may not have been in the car at all when the collision occurred.

We are of the opinion that the record does not show that the justice had jurisdiction over the subject matter of the suit, and therefore the judgment is a nullity, and should be stricken from the record.

There seems to be another reason for striking off this judgment. The record is silent as to where the summons was served. True, the presumption may be that it was served in Montgomery County: Moll v. Connors, 22 Lack. Jur. 81 (1921) ; but this is but a presumption, which may be rebutted by evidence, for the evidence would not contradict or vary the record. There is evidence here that the service, if made at all, was made in Philadelphia County. The transcript gives the address of defendants at Philadelphia, and the constable testified that he attempted to serve them in Philadelphia, and that it was there that he made his only effort to make service. The constable had no authority to serve defendants in Philadelphia, and the service made there was a nullity.

For these reasons we are of the opinion that the rule to strike off the judgment should be made absolute.

And now, March 29, 1940, the rule is made absolute, and the prothonotary directed to strike the judgment from the record.