## Collier v. Daniels

*Mahady & Mahady*, for plaintiff.

*Kunkle & Trescher*, for defendant.

O'CONNELL, J., March 14, 1950.—This case arises out of an action in trespass before Alderman Henry Frederickson of the City of Greensburg, Westmoreland County, Pa. The alderman entered judgment in favor of plaintiff against defendant in the amount of $158.30. Defendant in due course sued out a writ of certiorari in which there was assigned as error the failure on the part of the alderman to take testimony but instead granting judgment on the pleadings as filed before him.

The transcript shows, "attorney present at time and place set for hearing and after waiting the time allotted therefore the Justice of the Peace gave judgment on the pleading, the complaint, for the full amount as shown by the itemized bill with interest and costs of suit."

This court has before it the question of the regularity of the justice's proceeding when the matter is brought up on certiorari: Hartman v. McHenry et al., 10 Westmoreland 57.

The case of Matthews v. Klepfer, 40 D. & C. 484, would seem to be full authority to sustain defendant's assignment of error. In that case, an action of trespass was commenced before a justice of the peace and a summons with a probated account was served on defendant. The transcript showed that judgment was entered in default of appearance. The court stated as follows, page 485:

"A Justice of the Peace has only such jurisdiction in civil actions as is given him by statutes: Murdy v. McCutcheon et ux, 95 Pa. 435. If the jurisdiction is not expressly granted, he does not have it. Moreover, such jurisdiction in civil matters is limited and must always be shown by the record: Emlenton Water Co. v. Kelly, 10 D. & C. 453, . . .

We know of no act of assembly authorizing a justice of the peace to attach a probated statement to a summons in trespass and thereafter, without testimony against defendant, enter judgment in default of an appearance."

It is true that under the Act of May 1, 1929, P. L. 905, art. 12, sec. 1208, as amended, 75 PS §738, plaintiff may produce a receipted bill for his damages, properly sworn to by the party making such repairs where the action does not involve more than $100. In Wilson v. Routch 24 Westmoreland 185, this court considered the applicability of this statute with respect

to trespass actions and there decided that the transcript must show that plaintiff has had the damages repaired and produced a receipted bill therefor properly sworn to by the party who actually made the repairs. If this is not shown by the transcript, the defect goes to the jurisdiction of the justice of the peace as well as to the regularity of the proceedings and any judgment entered thereon would be void.

In the instant case the transcript of the alderman shows that the action was for $158.30 damage and consequently the statute would have no applicability and could not in any way aid plaintiff's case: Gaudioso v. Adams, 32 Del. Co. 598; Hickey v. McKeon, 30 Del. Co. 217.

In view of the above, we are compelled to reverse the judgment of Alderman Frederickson.

### Decree

And now, to wit, March 14, 1950, after due and careful consideration, it is ordered and decreed that the certiorari be sustained, the judgment of Alderman Henry Frederickson is reversed and judgment is hereby entered for defendant, costs to be paid by plaintiff.