## Leslie v. Potts

*Samuel M. Snipes, Eastburn, Begley & Fullam,* for plaintiff.

*William M. Power, Achey & Power,* for defendants.

BIESTER, P. J., March 14, 1956.—Plaintiff, by his attorneys, has caused to be entered in the court of common pleas, the transcript of a judgment obtained before one of the justices of the peace of this county.

Following the filing of the transcript in the office of the prothonotary, a number of petitions and other pleadings have been filed with this court. They consist in the order of their filing of: (1) A petition of de-

fendants to open the judgment; (2) preliminary objections thereto; (3) a motion to strike the judgment; (4) the answer thereto; (5) a rule to show cause why the petition to open should not be amended; (6) a petition filed by plaintiff to return the transcript of the justice of the peace in order that he might amend his record, and (7) the answer to the petition to so remit.

It appears clear to us that we were without authority to entertain the petition to open the judgment and that the rule granted thereon was inadvertently allowed. The court of common pleas has no power to open a judgment entered on the transcript of a justice of the peace: Lacock v. White, 19 Pa. 495; Littster v. Littster, 151 Pa. 474; Taylor v. Tudor & Free, 81 Pa. Superior Ct. 306; Isaacson v. Parrish, 81 D. & C. 591; Carleton Venetian Blind Co. v. Brinton, 60 Dauph. 147.

We will, therefore, not consider the averments of the petition to open the judgment, the preliminary objections to the petition or the rule to show cause why the petition to open should not be amended.

The motion for the rule to show cause why the judgment should not be stricken alleges 11 defects in the record. In Vichosky v. Boucher, 162 Pa. Superior Ct. 598, it is held that the proper redress of defendant for mere irregularities in procedure before the justice of the peace is by certiorari. Certain of the alleged defects of the record would appear to fall within this category.

Amongst the reasons assigned, however, in the motion to strike, is an averment that the record discloses a lack of jurisdiction by the justice of the peace, in that the transcript is said to reveal that the action sounds in trespass on the case rather than trespass vi et armis. This question is properly before us on the motion to strike, for as was said in Vichosky v. Boucher, supra, p. 600: "The justice must have juris-

diction of the subject matter, and of the person of the defendant as well, to enter a valid judgment and for want of jurisdiction the judgment may be attacked at any time."

The merit of defendants' contention that the record discloses lack of jurisdiction on the part of the justice of the peace is dependent upon the construction of the following language contained in the transcript:

"Plaintiff after being sworn made a demand of $220.00 resulting from alleged negligence by defendants while doing some bull-dozing work on the property of plaintiff at Newportville Terrace on or about May 29, 1953, operator of bull-dozer one Norman Morris did crack foundation wall of dwelling of plaintiff. Potts, Jr. who was standing by told plaintiff that that was the third time the operator had damaged walls."

Plaintiff has referred us to a number of cases to the effect that where the negligent act, although not done by defendant himself, was committed by his servant or agent in the presence of defendant, the action is one of trespass vi et armis. These cases deal with situations in which the owner of a vehicle is seated in the vehicle while the vehicle is being operated by another person. In such situations the owner seated in the vehicle has, under normal circumstances, the authority, power and opportunity to control its operation: Strohl v. Levan, 39 Pa. 177; Beam v. Pittsburgh Railways Company, 366 Pa. 360; Kelton v. Fifer, 26 Pa. Superior Ct. 603; McMahen v. White, 30 Pa. Superior Ct. 169; Lassock v. Bileski, 94 Pa. Superior Ct. 299.

A direct trespass is, therefore, involved, for: "Where the owner of a vehicle is sitting by the side of his servant, the act of the servant in driving is the act of the master, and the trespass of the servant is the trespass of the master. The reason is that the master is in immediate control over the servant": Lassock v. Bileski, supra, p. 302.

We are not convinced that these cases are authority for the proposition that the presence of defendant *in the vicinity* of the negligent occurrence is sufficient to classify the trespass as being vi et armis. Compare Stackhouse v. Moffett, 42 D. & C. 219.

From the transcript before us we might reasonably assume, although it is not specifically set forth therein, that Morris was the employe or agent of defendant partnership when, through his alleged negligent act and while operating a bulldozer he caused a crack to the foundation wall of plaintiff's dwelling. The only averment, however, which would permit us to conclude that his negligent act was that of defendants, and not consequential by reason of the relationship of master and servant, is the phrase "Potts, Jr. who was standing by told plaintiff that that was the third time the operator had damaged walls". This expression leaves much to surmise. Assuming that "Potts, Jr." was one of defendants, was the operator of the bulldozer under his direction at the time of the negligent act? Was it, in point of fact within his observation at the time? Was he 10 feet or a 1,000 feet from the operation? Was he standing by at the time of the occurrence or standing by only when he made the remark to plaintiff?

Although we agree that: "A justice is not required to keep his docket in civil cases with the fullness or nicety of a *court record*" (Battles v. Nesbit, 149 Pa. Superior Ct. 113, 121), the record should be self supporting on questions of jurisdiction: Fisher v. Edmunds, 38 D. & C. 331, 338, and cases therein cited.

We think the observation of the court in Stackhouse v. Moffett, supra, p. 221, in which the court says: "It would seem to me that the allegation of defendant's presence and direction is vague and cleverly set forth to try to bring the matter within the scope of trespass vi et armis so that the magistrate might have juris-

diction," is equally applicable to the record here before us.

Since it is our view that the motion to strike must be allowed, the disposition of the petition to remit the record to the justice of the peace for amendment becomes academic. Not only is there no request to amend the record on the jurisdictional question, but, had such a request been made, our right to grant it would be extremely doubtful: 5 Standard Pa. Practice 561.

*Order*

And now, to wit, March 14, 1956, the rule to show cause why the judgment entered in favor of plaintiff, Donald Leslie, and against defendants, Wm. M. Potts, Sr., Wm. M. Potts, Jr., trading as Wm. M. Potts & Sons, as of the above court, term and number should not be stricken is made absolute and the judgment stricken.