## Ghezzi v. Price

*Harry A. Nagle, Jr.*, for defendant.

TROUTMAN, J., August 7, 1961.—This is a writ of certiorari directed to R. E. Pickering, an alderman of

the City of Shamokin, upon the application of defendants, George Price, Sr., and George Price, Jr.

Defendants except to the record of the alderman and the judgment entered by him for the following reasons:

1. The alderman did not have jurisdiction in that the summons was made returnable within four days after issuance.

2. The action in the above matter is trespass on the case and not trespass vi et armis.

The transcript of the alderman shows that judgment was rendered in favor of plaintiff and against both defendants on February 13, 1961, in the sum of $99.33 and costs. The praecipe for the writ of certiorari was filed February 27, 1961, and the transcript of the alderman was filed on February 28, 1961.

The transcript of the alderman indicates that a summons in trespass was issued February 9, 1961, returnable February 13, 1961, between the hours of 7 and 8 p.m. The return of service of the summons is to the effect that on February 10, 1961, the summons was served upon defendant by handing a true and attested copy to George Price, Sr., personally. Neither defendant appeared at the hearing.

It is clear that four days intervened between the date of the issuance of the summons and the return day. Under the provisions of the Act of March 20, 1810, P. L. 208, sec. 2, 42 PS §422, it is provided that a justice of the peace or alderman is empowered and required upon complaint, to issue a summons, which summons shall command defendants to appear before the justice on a certain day therein to be expressed, not more than eight nor less than five days after the date of the summons. It has been repeatedly held that where the summons is returnable in less than five days after the date of the summons, such summons is

void: Katz Underwear Company v. Erie Railroad Company, 6 D. & C. 329; Hilands v. Shade, 63 D. & C. 159.

In this case, the summons was issued February 9, 1961, and made returnable February 13, 1961, which was only four days after the issuance of the summons. The time is computed by excluding the first day and including the last day of a fixed or prescribed period or duration of time. In this case, by excluding the first day, namely, February 9, 1961, only four days intervened between the issuance of the summons and its return day. See Act of August 11, 1959, P. L. 692, no. 233, sec. 1, 76 PS §172. Inasmuch as the summons was made returnable less than five days from the date thereof, the alderman was without jurisdiction. Any defect in the summons was not waived inasmuch as defendants did not appear.

It may be pointed out that the Act of March 20, 1810, supra, also provides that the service of the summons must be made at least four days before the time of hearing. In this case, the summons was not served until February 10, 1961, for a hearing to be held on February 13, 1961, which was only three days before the time of hearing. Where a summons is served less than four days before the time of hearing the proceeding is void for want of jurisdiction: Jones v. Fite, 14 D. & C. 362; Garski v. DeMarco, 33 Erie 283.

Another fatal defect appearing upon the transcript of the alderman is the fact that the return of service was served on George Price, Sr., personally, but nowhere in the transcript is there an affidavit of service upon defendant, George Price, Jr. Clearly, the alderman had no jurisdiction to enter judgment against him.

While the court is sustaining the first exception and the judgment must be reversed on that account, the

second exception raises the question as to whether or not an alderman has jurisdiction to hear and determine a cause of action based on a claim for damages allegedly inflicted by an automobile owned by George Price, Jr. This exception raises the question as to whether an alderman has any jurisdiction in an action in trespass on the case.

The alderman's transcript states that after plaintiff and his witnesses were sworn, evidence was heard regarding a collision in which plaintiff's station wagon was struck in the rear by the vehicle driven by George Price, Jr., one of the defendants and that the car is owned by the father. The transcript further states that, after witnesses were sworn, they testified that plaintiff's station wagon was backed out of a parking place at the curb and in the center of the highway prior to being driven away when defendant's car skidded on the ice and crashed into the rear of plaintiff's station wagon, after being unable to stop.

Nowhere in the transcript does it state that George Price Sr., was present in the car owned by him and driven by his son, George Price, Jr., at the time of the accident. It is well settled that where the negligent act, although not done by defendant himself, was committed by his servant or agent in the presence of defendant, the action is one of trespass vi et armis. The reason for this rule is that the master is in immediate control over the servant: Lassock v. Bileski, 94 Pa. Superior Ct. 299; Leslie v. Potts, 7 D. & C. 2d 464, 466. Consequently, the facts presented before us definitely show an action in trespass on the case.

The Act of July 7, 1879, P. L. 194, sec. 1, as amended by Act of December 9, 1955, P. L. 814, sec. 1, 42 PS §241, provides as follows:

"The aldermen, magistrates and justices of the peace, in this commonwealth, shall have concurrent jurisdic-

tion with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions of trespass, . . . wherein the sum demanded does not exceed five hundred ($500) dollars, except in cases of real contract where the title to lands or tenements may come in question."

It is clear that the Act of March 22, 1814, 6 Sm. L. 182, as enlarged and affected by the Act of July 7, 1879, P. L. 194, 42 PS §241, when using the term, "actions of trespass," in conferring jurisdiction on justices of the peace and alderman, meant an action to recover damages sustained by plaintiff as the immediate consequence of some wrong done forcibly to his person or property by defendant. Under these acts, the alderman had jurisdiction only in trespass vi et armis and not in trespass on the case: Battles v. Nesbit, 149 Pa. Superior Ct. 113, 116.

Section 30 of the Act of June 14, 1923, P. L. 718, or its reenactment in section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of April 29, 1959, P. L. 58, sec. 1303, 75 PS §1303, conferred no jurisdiction on justices and aldermen in actions on the case, growing out of automobile accidents: Paulson v. Eisenberg, 134 Pa. Superior Ct. 503, 506-13.

The jurisdiction of aldermen and justices of the peace was not enlarged by the Act of May 25, 1887, P. L. 271, sec. 2, 12 PS §2, which abolished the distinctions theretofore existing between actions ex delicto and provided that all damages heretofore recoverable in trespass, trover or trespass on the case shall hereafter be sued for and recovered in one form of action, to be called an action of trespass, for the reason that it was effective only insofar as it relates to procedure and in no other respect: Sprout v. Kirk, 80 Pa. Superior Ct. 514, 516.

The Amendment of December 9, 1955, supra, raised the jurisdiction of aldermen to $500 in all actions arising from contract and in all actions of trespass except in cases of real contract wherein title to lands or tenements may come in question. It deleted the actions of trover and conversion and actions upon promise of marriage. A careful reading of this amendment in relation to actions of trespass raises the jurisdictional amount but makes no attempt to place an enlarged interpretation on the jurisdiction heretofore existing in respect to actions of trespass. The wording is the same as that used in the Act of July 7, 1879, supra, and between that date and the date of the enactment of the amendment, there were many cases which definitely decided that the use of the phrase "actions of trespass" did not include actions in trespass on the case as far as the jurisdiction of aldermen is concerned. The intention of the legislature was not to enlarge the aldermen's jurisdiction to include actions of trespass on the case.

Since the alderman had no jurisdiction to entertain an action in trespass on the case, the judgment entered against defendant, George Price, Sr., is void. Inasmuch as the transcript shows that George Price, Jr., was never served with the summons and did not appear at the hearing, the judgment entered against him is, likewise, void for want of jurisdiction.

### Order

And now, August 7, 1961, the exceptions filed on the writ of certiorari are hereby sustained, the judgment of the alderman is reversed and judgment is hereby directed to be entered against Albert Ghezzi, plaintiff, and in favor of George Price, Sr., and George Price, Jr., defendants, for cost.

Let an exception be noted for plaintiff.