## Alexander Carlisle *against* Samuel Baker.

Return to a certiorari on a recovery before the mayor in debt on a bye law, need not set out the evidence; it is no conviction.

It is a fatal exception to such a recovery, that a summons has issued on two different charges, and a judgment had on one, without taking notice of the other.

A city ordinance inflicting a penalty on persons placing goods on their porches, or cellar doors, projecting more than six inches into the street, is bad.

*Certiorari* to the mayor of the city of Philadelphia.

The mayor returned, that the defendant was summoned before him to answer the plaintiff in a plea of debt under 40s. "for placing goods on the footway of the street, and on "his porch," contrary to an ordinance of the mayor, aldermen and citizens of Philadelphia intituled "a supplement to " an ordinance, intituled an ordinance for the suppression of "nuisances, and enforcing *useful regulations within "the city of Philadelphia." The defendant appeared before him on the 2d November 1792, and the cause was adjourned until the 7th November, when the parties again appeared, and after a full hearing of the parties and their proofs, the mayor gave judgment on the merits of the case, that the plaintiff recover of the defendant 15s. whereof 7s. 6d. to be to the use of the plaintiff, and 7s. 6d. for the use of the mayor, aldermen and citizens of Philadelphia, with costs of suit.

The ordinance of the city, on which the recovery was had, was enacted on the 18th June 1790, and inflicted a penalty of two dollars on every person, who shall place goods, &c. on any porch, or on or over a cellar door, or shall suspend them from a pent house, so that the same project more than six inches towards the street, to be recovered with costs, before the mayor or any alderman, in like manner as debts under 40s., one moiety to the use of the person who will sue for the same, and the other moiety for the use of the city. It also inflicted a like penalty, to be recovered in like manner, with costs, and for the same uses, on every person who shall place any trunk, &c. or any goods, &c. on or over any part of the brick or stone pavement, or on the foot or cartway of any street,

[Carlisle *v.* Baker.]

This return was argued at the last September term, by Mr. Wilcocks for the plaintiff, and by Mr. Wells for the defendant.

The first exception taken by the defendant, was, that the evidence was not set out, which is necessary in every conviction, in order that the court may judge whether the justices have done right.  4 Burr. 2063, 2279.  Doug. 469.

*Sed per Curiam.*  This is no conviction.  It is a *qui tam* action of debt, by the plaintiff, under a bye law.  Convictions are always on the prosecution of the state.

A second exception taken was, that the summons issued for two forfeitures under the ordinance for the defendant's placing goods on the footway of the street, and on his porch.  It would appear by the judgment, that the suit was supported as to one offence only, the judgment being for 15s. but of which of the offences he incurred the penalty, the court cannot judge, and there is no certainty here whereon to found the judgment of the mayor.  If the evidence warranted both charges, then the return was clearly bad, because a judgment for too little, is as bad as a judgment for too much.  1 Term. Rep. 249, 252.

It was moreover strongly insisted, that this bye law was fundamentally bad, so far as it respected the placing goods on porches or cellar doors in the city, under the 45th section of the *act of 9 Geo. 3, passed February 18th 1769 (Prov. Laws, 371.)  Persons are restricted from making [*473 or setting up in any street of fifty feet wide or upwards, any porch, cellar door or step, which shall extend beyond four feet three inches into such street, or a proportionate distance into a narrower street, under the penalty of 30s.  Consequently, the citizens have an undoubted right to porches and cellar doors of those dimensions, and cannot legally be interrupted in the full use and enjoyment of them.  If the former may be used for sitting on, and the latter for any other purpose, why may they not place goods, or any other matter thereon, which they please?  It may be said, that a view of the street may be obstructed, and the circulation of the air impeded thereby.  But will not the same inconveniences arise from sitting in a porch, or by constructing it with one continued back from the seat to the upper rail of the porch, or from the pavement upwards, which may lawfully be done?

Under the act of assembly of March 11th 1789, incorporating the city, the corporation have a right under the 16th section, to make laws and ordinances, "provided the same shall "not be repugnant to the laws and constitution of this com- "monwealth."  (2 Dall. St. Laws, 659.)  But this ordinance is not good, as it abridges and alters the right of the inhabitants in the free privilege of their porches and cellar doors secured to them by law.  It inflicts a penalty of 15s. on any

person who shall place goods on their porches, or on, or over their cellar doors, which shall project more than six inches towards the street. The act of incorporation, in the 40th section, vests the rights, franchises, liberties and privileges of the citizens of the city in the corporation, for the use and benefit of the said citizens, and their successors for ever, saving to all and every person and persons their just rights therein.

For the plaintiff it was urged, that though there was certainly an informality in wording the summons, so as to include both offences, yet the court would expect no more than a reasonable certainty. The intent of the suit was to punish the defendant for placing goods on the footway, and the words "and on his porch," may be considered as mere surplusage. The evidence went to the first charge only.

The act of 1789, gave power to the mayor, recorder, aldermen and common councilmen, in common council assembled, to make such regulations and constitutions, as should be necessary and convenient for the government and welfare of the city. It was apprehended, that freeing the streets from nuisances of all kinds, would conduce much to the health of the inhabitants, *as well as the beauty of the city. The *474] act of 1769, does not confirm the right of the citizens in every possible use of their porches and cellar doors, extending into the street four feet three inches. It only restricts them from making or setting them up beyond that distance, under a penalty. The preamble to the 45th section shews, that the obstruction of the streets was one of the objects intended to be guarded against; and it could not be the intention of the legislature, while they declare in the 46th section, that porches and cellar doors exceeding the above dimensions, and that bulks, jut-windows and other incumbrances, shall pay a yearly sum, until they are reduced or taken away, that the inhabitants should have the most absolute and unlimited use of their porches and cellar doors for all purposes whatsoever, or be entitled to encumber them with goods and packages for any length of time. Their intention must have been, to confine porches and cellar doors to their common, natural and reasonable uses.

This appears still more strongly from the 47th section of the act, prohibiting signs, sign-posts, boards, poles or other devices or things whatsoever, denoting their place of residence, their occupation or business or the merchandize or things which any persons have to dispose of, from being set up in the streets, lanes or alleys, except in the case of inns; and the street commissioners are expressly authorized to remove all manner of obstructions to the passage through the streets. And the subsequent proviso declares, that this shall not prevent persons from setting up any such sign, or other device or thing whatsoever, against the walls of their several

[Carlisle v. Baker.]

dwellings, so that the same shall not project or extend into the said streets, lanes or alleys, more than six inches.

It is therefore submitted to the court, that this ordinance, so far from being repugnant to the laws of the state, or abridging or altering the rights of the inhabitants to the proper use of their porches or cellar doors, is in strict conformity to the letter and spirit of the act, which prohibits persons from having any device or thing whatsoever denoting their business or merchandize for sale, which shall extend into the streets more than six inches. And consequently this regulation is good in law and beneficial to the citizens.

The court gave no opinion herein at the last term, and Mr. Wilcocks at his request, was now again heard this term in behalf of the city ordinance, when he inforced his former observation; and afterwards the chief justice delivered the opinion of the court.

We are unanimously of opinion, that this by law is bad in *itself. Under the act of 1769, the citizens are entitled [*475 to have porches, cellar doors and steps extending four feet and three inches into the streets, which may be fifty feet in width. City ordinances under the express terms of the charter of incorporation shall not be repugnant to the laws of the state. But this ordinance prohibits, under a penalty, the citizens from the due use of their porches secured to them by an act of the legislature.—"They shall not place their goods, &c. on any porch, or on or over a cellar door, or suspend them from a pent house, if they project more than six inches towards the street."

The citizens therefore claimed the due enjoyment of their porches by law; and they might as well be restricted from sitting in them, or making any other use of them, as from placing goods thereon.

The 47th section of the act of 1769 must clearly be restrained to signs, or other devices of the like nature, denoting the occupations or business of the party, and the words fairly construed, will bear no other sense.

Persons should not be prevented from making a reasonable use of their property. It is not however our idea, that porches may be built in any form whatever, or that they may be erected, so as to reach up to the second story of the houses, or to any other extravagant height or size; for this would be highly unreasonable in itself. But we hold, that such porches as had usually been made and occupied before the act of 1769, are secured to the owners with their full enjoyment, and that a bye law restrictive of this legal right, is not good.

As to the other exception, the record should be good in all its parts. It is uncertain whether the evidence warranted the judgment "for placing the goods on the footway of the street" as well as on the porch; if it did, the judgment was for too small a sum; if it did not, we cannot discover on

1 YEATES—29

[Carlisle *v.* Baker.]

which clause of the ordinance the mayor gave judgment, and there is so entire an uncertainty therein, that we could not, independent of the unconstitutionality of the bye law, award a confirmation thereof.

The proceedings therefore, on both grounds, must be quashed.

Cited in 61 Pa., 276, in support of the proposition that "convictions are always on the prosecution of the state."
Cited in 2 Parsons, 234, and 2 Parsons, 291.