C. T. OTT v. WILSON JORDAN.
C. T. OTT v. WILLIAM 'K. SNYDER.
C. T. OTT v. WILLIAM H. WEISEL.

CERTIORARIS TO THE COURT OF COMMON PLEAS OF NORTH-
AMPTON COUNTY.

Argued March 7, 1887—Decided May 2, 1887.

The act of April 12, 1859, P. L. 537, " To restrict sales by auction in the
counties of Northampton, Dauphin and Lehigh counties," prohibits the
sale at auction of goods, wares or merchandize not manufactured or
produced within said counties, and provides that one offending shall
" forfeit and pay the sum of fifty dollars to be recovered before any
alderman or justice of the peace in an action of debt, one half to the
use of the person who shall bring suit and one half to the use of the pro-
per county : *Provided*, that before any warrant of arrest, or capias, shall
issue, to hold the party to bail, the plaintiff, or his or her agent or attor-
ney, shall file an affidavit setting forth the cause of action ; " and that
the " laws in force for the collection of debts shall be held to apply to
the institution of the suit and the recovery of the penalty under this act."
*Held :* That the remedy provided by said act is not a criminal complaint
and conviction followed by a sentence, but an ordinary civil action for
debt, preceded by an affidavit setting forth the cause of action; and,
therefore, the evidence upon which the judgment is entered need not be
set out in the record of the magistrate.

Before MERCUR, C. J., PAXSON, TRUNKEY, STERRETT,
GREEN and CLARK, JJ.; GORDON, J., absent.

Nos. 70, 70½, 71 July Term 1886, Sup. Ct.; court below, Nos.
72, 73, 74 December Term 1885.

These three causes originated by complaint made before
James B. Moore, a justice of the peace of Northampton county,
by Wilson Jordan, " as well for himself as for the county of
Northampton," that C. T. Ott " did sell one sleigh not manu-
factured by him in this county, to Hiram Eisenhart at public
auction or outcry, on the seventh day of November, 1885, in
the borough of Hellertown, which was in direct violation of the
act of Assembly " (sufficiently quoted in the syllabus) ; and
like complaints made by William K. Snyder and William H.

Weisel against the same defendant. To writs of certiorari issued by the court of Common Pleas the return of the justice showed a record disclosing that the defendant had been arrested upon a " capias in a plea of debt not exceeding one hundred dollars," and held to bail for his appearance and proceeded:—

And now, November 11, 1885, parties appear. Plaintiff complains that the defendant has violated the provisions of an act of Assembly, approved April 12, 1859, entitled " an act to prohibit sales by public auction of certain goods, wares or merchandize in the counties of Northampton, Dauphin and Lehigh," by having, on the seventh day of November, 1885, at the public house of J. R. Laudenberger, in the borough of Hellertown, sold at public sale one sleigh to Hiram Eisenhart, whereby he has incurred a penalty of fifty dollars, which plaintiff claims. The justice publicly declares that the defendant is convicted, and gives judgment for the plaintiff for fifty dollars and costs.—

Like returns were made in the other cases.

Exceptions were filed to these returns, *inter alia*, that 1. It does not appear from the record that any witnesses were examined at the hearing before the justice to prove the offense alleged. 2. The justice rendered judgment in the case without hearing any evidence on the part of the plaintiff. 3. There is no evidence set out upon the record and the record does not show that any evidence was taken before the justice.

Upon a petition filed by the justice setting forth that witnesses were examined and evidence taken before him, and that owing to haste these facts were omitted to be stated, leave was given to amend his record in accordance therewith. The deposition of the justice was also taken and filed showing these facts.

On argument, the court, W. W. SCHUYLER, P. J., affirmed the judgment, delivering the following opinion:—

A number of exceptions have been filed to this record, which will be considered in their order.

1. The first exception is that it does not appear from the record that any witnesses were examined. There are several decisions to the effect that unless it appear by the record that evidence was given in support of the plaintiff's claim, the judg-

ment must be reversed, but these decisions have reference to judgments by default. The present judgment was not by default and, therefore, the decisions have no application; but even if they had, I should follow them with great hesitation. The presumption is that the justice did his duty, and to decide a case against a defendant without evidence would be a violation of duty. Every reasonable intendment should be made in favor of a justice's proceedings. See as to the point under discussion McCowan v. Ward, 2 Pittsb. 251.

2. The second exception is that the justice rendered judgment without hearing any evidence. It is a sufficient answer to this exception to say that it is not substantiated. The only evidence on the subject is the other way.

3. The third exception is that there is no evidence set out upon the record. This exception is based upon the assumption that the proceeding before the justice was a summary conviction. In point of fact, it was an action of debt for the penalty of $50, for the violation of act 12 April, 1859, P. L. 537, entitled " An act to restrict sales by auction in the counties of Northampton, Dauphin and Lehigh." It is true the proceeding was begun by a capias, but before the act abolishing imprisonment for debt, nearly all actions were begun in this way. Then, also, the transcript shows that the justice publicly declared that the defendant was " convicted," but this may be treated as mere surplusage, as the justice at the same time gave " judgment for the plaintiff for fifty dollars and costs." And see Garman v. Gamble, 10 W. 383. Moreover, the capias required the defendant to " answer in a plea of debt." But all doubt on the subject is removed by the act itself, which provides that the penalty for the violation of the act shall be recovered " in an action of debt, one half to the party who shall bring suit, and one half to the use of the proper county." The act further provides that all " laws in force for the collection of debts shall be held to apply to the institution of suit and the recovery of the penalty under this act." A remedy for the collection of the penalty being thus provided by an act of assembly, the justice could not have proceeded by summary conviction without a violation of law; act 21 March, 1806, 4 Sm. L. 326. The assumption, therefore, that the proceeding under review was a summary conviction is not borne

out by the facts and it follows that the rules relating to such convictions have no application.

4. The fourth exception is that it does not appear from the record that the offence was committed in this county. It does appear, however, that the offence was committed in the "Borough of Hellertown," which is the name of one of the incorporated boroughs of this county, and we think it is sufficient. See Garman v. Gamble, 10 W. 384.

5, 6, 7. The act under which the proceedings before the justice were had makes it unlawful for any person to sell at auction any goods, wares or merchandise within the limits of the three counties named in the act. But there is a proviso to the act which excepts from its operation a large number of different classes of persons. The fifth and sixth exceptions allege that the record is defective because it does not expressly negative the possibility that the defendant may have belonged to one or the other of these classes. These exceptions, like the third, go on the assumption that this was a summary proceeding. The same is true of the seventh and last exception, which is that the proceeding was not commenced in the name of the commonwealth. Neither of these exceptions has any force when urged against an ordinary action of debt, which, as has been seen, this was. There is nothing in Com. v. Finkheimer, 9 Phila. 504, in conflict with what is here said. That was an action of debt for a penalty which the act of Assembly required to be brought in the name of the Commonwealth. The prohibited act was a public offence and the action was really for a criminal charge: Com. v. Betts, 76 Penn. St. 470. There was some reason, therefore, for holding the magistrate to greater strictness than is necessary in an ordinary action of debt. Com. v. Fiegle, 2 Phila. 215, was also an action in the name of the commonwealth by legislative mandate. City v. Duncan, 4 Phila. 145, and City v. Hughes, Idem 148, were actions for violation of city ordinances. The rules laid down in these last two cases strike me as being somewhat arbitrary, but for present purposes it is enough to know that they have no application to the case in hand, which, by express enactment, is governed by the "laws in force for the collection of debt." The act in Com. v. Davenger, 10 Phila. 478, did not prescribe any mode for the collection of the penalty.

Finding no error in this record, the judgment must be affirmed.

And now, April 12, 1886, judgment affirmed.—

Then the defendants took these writs, in each case assigning that the court below erred in not sustaining the said exceptions.

*Mr. W. Mutchler* and *Mr. Edward Harvey* (with whom was *Mr. W. H. Sowden*), for the plaintiff in error.

The question is whether these proceedings under the act of April, 1859, are the same as under the act of March, 1810, or whether the rules of law which are in force in summary proceedings to recover penalties must be observed. In such summary proceedings the record of the justice must show not only the complaints but all the evidence heard in support thereof, in order to enable the higher court to determine whether the charge has been sustained and whether the law has or has not been violated: Com. v. Cane, 2 Pars. 265; Com. v. Borden-61 Penn. St. 272; Com. v. Nesbit, 34 Idem 398.

We do not contend that strictly the proceedings in these cases are summary; they are doubtless of a civil nature, but all proceedings under special statutes to recover fines and penalties are more or less penal in their character, and some of the principles relating to summary convictions are applicable to them: The City v. Duncan, 4 Phila. 145. The only remedy an injured defendant can have is by certiorari. TRUNKEY, J.: Had defendant not a right to appeal? Ans.—Only a condi, tional right.

*Mr. O. H. Myers* (*Mr. W. S. Kirkpatrick* with him), for defendant in error.

1. These proceedings being by an individual to recover a forfeiture are to be distinguished from a proceeding by summary conviction in the name of the commonwealth: McKinney's Amer. Mag. 350; Carlisle v. Baker, 1 Y. 472; Com. v. Borden, 61 Penn. St. 276; Com. v. Wolf, 3 S. & R. 48; Van Swartow v. Com., 24 Penn. St. 134; Spech v. Com. 24 Idem 103; Garman v. Gamble, 10 W. 382; and the judgments herein having been affirmed by the Common Pleas on certiorari, we hold they are final: §§ 22, 24, act of March 20,

1810, 5 Sm. L. 171; Clark v. Yeat, 4 Binn. 185; Lenox v. McCall, 3 S. & R. 95; Cook v. Reinhart, 1 R. 317; Bauer v. Angeny, 100 Penn. St. 429; Com. v. Betts, 76 Idem 465; Frick v. Patton, 2 R. 20; Com. v. Hargesheimer, 1 Ash. 413.

2. The rules and principles relating to proceedings in cases of summary conviction are not applicable: The City v. Duncan, 4 Phila. 145; and cases cited *supra*.

3. The record was amended by the court below, by which it appears that witnesses were examined at the hearing. And the court had the power to allow this to be shown: Dyson v. Wood, 3 B. & C. 451; Harrigan v. Vail, 2 T. & H. Pr. 739; Tierman v. Blackstone, Ibid.; Law v. Kennedy, 24 Pittsb. L. J. 112; Jester v. Jester, 1 W. N. 39; Echoff v. Harlan, 1 Ch. Co. 101; Com. v. King, 1 Idem 203; Vansciver v. Bolton, 2 Dal. 114; Fitsimmons v. Evans, 1 Ash. 52.

4. The defendants had the right of appeal: act of April 17, 1876, P. L. 29; Art. V. § 14, Constitution of 1874.

OPINION, MR. JUSTICE GREEN:

We think it very clear that the proceedings in these cases were not summary convictions but actions of debt for the recovery of penalties, imposed not for the commission of a crime but for the doing of an act otherwise lawful but prohibited by statute.

The act of April 12, 1859, under which the proceedings were instituted, declares that " it shall not be lawful for any person or persons within the limits of the counties of Northampton, Dauphin and Lehigh to expose to sale and sell at auction or outcry to the highest bidder any goods, wares or merchandise not manufactured or provided by him, her or them, within the limits of the said counties of Northampton, Dauphin and Lehigh." It will be perceived at once that the act prohibited to be done is in itself a perfectly legitimate act, in no sense criminal, and only contrary to law because this statute prohibits it to be done. It is nowhere characterized as a crime or a *quasi* crime in any part of the act. By the second section of the act it is provided that, " each and every person offending against the provisions of this act shall for every such offence forfeit and pay the sum of fifty dollars to be recovered before any alderman or justice of the peace in an action of

debt, one half to the party who shall bring the suit, and one half to the use of the proper county." It is manifest that the words " offending " and " offence " here employed are not used in any criminal sense but in the sense of breaking or violating the prohibitory injunction of the first section. No proceeding as for a crime is authorized; no conviction, summary or otherwise, is provided for; and the only consequence that is established for doing the prohibited act is the payment or forfeiture of the sum of fifty dollars. The method of recovering the money penalty is not by a criminal sentence but by an action of debt, to be brought before an alderman or justice, one half of which goes to " the party who shall *bring the suit*." By the proviso clause to the second section an affidavit must be filed setting forth the " cause of action." By the third section " laws in force for the collection of debts shall be held to apply to the *institution of suit* and the recovery of the penalty under this act."

Thus it appears that the entire phraseology of the act, relating to the remedy for its violation, treats it as a civil remedy purely. The remedy is not a criminal complaint and conviction followed by a sentence, but an ordinary civil action of debt, to be brought before an alderman or justice, preceded by an affidavit setting forth *the cause of action*. The plaintiff is not the commonwealth nor a person suing in the name of the commonwealth, but is described as " the party who shall bring the suit," and the action is regulated by the " laws in force for the collection of debts." Every element of a criminal proceeding is carefully omitted from the law, and the only remedy provided is an ordinary civil action. These considerations dispose of the case. The decisions as to summary convictions have no application, and the assignments of error, as the learned counsel for the plaintiff in error candidly admit, raise but the single question, " whether the rules of law which are in force in summary proceedings to recover penalties must be observed." We think not, for the reasons we have stated and therefore

The judgments are affirmed.