Clinger *v.* Patterson et al., Appellants.

Argued April 16, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*G. G. Martin,* for appellants.

*Robert M. Dale,* for appellee.

OPINION BY STADTFELD, J., June 25, 1940:

This appeal is from a judgment entered in the Court of Common Pleas of Venango County after the entry of a final order and decree by McCRACKEN, P. J., dismissing exceptions to an amended transcript and record of an alderman.

On January 28, 1938, the plaintiff, C. H. Clinger, appellee herein, caused an action in assumpsit to be instituted before Alderman Dale, Franklin, Pennsylvania, and a summons to be issued returnable February 3, 1938, between the hours of 2:00 and 3:00 P. M. The alderman's transcript of the record filed with the court below indicated that the summons was returned as served on January 29, 1938, upon the defendant, C. H. Patterson, by service upon Mrs. C. H. Patterson, an adult member of his family, and upon the defendant, D. C. Long, by service upon Mrs. D. C. Long, an adult member of his family. Neither return expressly stated that the party served was the wife of the respective defendant.

The alderman's transcript showed that on February 3, 1938, at 11:30 A. M., G. G. Martin, attorney for defendants, moved to continue the case until 2:00 P. M., February 24, 1938; that the attorney for plaintiff concurred; and that the case was continued to said date, and then further continued to 3:30 P. M. on said date. On February 24, 1938, at 3:30 P. M. the plaintiff was sworn and testified. Defendants having failed to appear, and after hearing all of plaintiff's testimony, the alderman publicly rendered judgment in favor of the plaintiff and against the defendants in the sum of $206.52.

On March 16, 1938, defendants issued a writ of certiorari from the Court of Common Pleas of Venango County and pursuant thereto the transcript of the docket of the alderman was certified to said court. Exceptions were filed in the certiorari proceeding by de-

fendants, objecting to the legal sufficiency of the return of service of the summons, and were argued in due course. The exceptions were dismissed by the court on December 10, 1938, for the reason that defendants' appearance in court by counsel and obtaining a continuance of the hearing, as the record indicated, cured any defect in service.

On December 12, 1938, counsel for defendants filed a petition under oath, setting forth that he was sole counsel for defendants at the time of the hearing before the alderman; that he did not appear or obtain a continuance of the hearing, or have anything to do therewith; that the record of the alderman in that respect was erroneous and did not accord with the facts. He attached to said petition the affidavit of Foster L. Dale, the alderman before whom the case was heard, stating that counsel, G. G. Martin, did not, in fact, either on the date referred to in the transcript, or at any time, move to continue the case, nor did he appear for the defendants at the time of the hearing. The petition prayed to reinstate the case for argument, with leave to file an amended transcript in order that the case might be disposed of on its merits and on the amended record. On said petition, the court granted a rule to show cause, returnable to the next argument court. On December 30, 1938, the court made an order remitting the record to Foster L. Dale, alderman, with directions to correct the same to conform with the facts and to return the same to court.

On January 5, 1939, the alderman returned the said transcript of the record, not only amending the same in the particular referred to above, but also attaching as amended returns by the constable, two affidavits setting forth, in each instance, that the adult member of defendants' family who had been served with summons was the "wife" of the defendant named in each.

Defendants then filed exceptions to the action of the alderman in causing the return of service of the sum-

mons thus to be amended. The exceptions were dismissed and the judgment in favor of plaintiff affirmed on February 27, 1939. This appeal was then entered.

The sole question for determination in this appeal is whether the learned court below properly considered the amended returns filed January 5, 1939, or should have, as appellants contend, ignored the amendments. It will be observed that the amendments to the constable's returns were brought before the court in consequence of defendants' application for leave to file an amended transcript of the record.

The Act of July 10, 1935, P. L. 643 (12 PS §355), amending the Act of June 13, 1836, P. L. 568, relating to the commencement of actions, reads as follows: "Section 38. The sheriff or other officer serving any writ of summons, shall in all cases state in his return, the time, both the day and the hour, the place, and manner in which the service thereof was made, which statement shall include the name of the individual on whom the service was made, if other than the defendant personally, and the relationship which such person bears to the defendant."

The amended returns as finally filed in the amended transcript with the court below, are without question strictly in accord with this Act, being, (with names and dates deleted), in the following identical form: "Served the within summons upon ...... defendant, on ...... at ...... A. M. by handing a true and attested copy thereof to ...... alias ...... *wife* of the said ......, and an adult member of his family at his dwelling house No. ...... Street, Franklin, Venango County, Pennsylvania."

The constable's returns, as appearing in the original transcript of the record, indicated that service had been made, in each case, upon a person who was an adult member of the defendant's family. To this extent the relationship of the person served to the defendant, was stated in the returns as required by the Act. The

amended returns differed from the previous returns in only one respect. They stated the relationship of the party served to the defendant with greater particularity. The amendments did not alter, vary or contradict the previous returns, but merely added thereto in each instance, the fact of a *marital* relationship existing between the party served and the defendant.

It should be noted that, in defendant's exceptions to the amended transcript of the alderman, no averments were set forth denying that each of the parties actually served was, as a matter of fact, the wife of the respective defendants. In the absence of any such denial, it is undisputed that service of the summons was actually made in a proper manner. The returns of the constable could, therefore, in the instant case, properly be amended to indicate the facts.

If the omission of the word "wife" can be considered a defect at all, it is a defect not affecting the jurisdiction of the alderman, and consequently is amendable by stating the additional fact as to the person with whom the summons was left. See 50 C. J. §365, pp. 608, 609.

As stated in the opinion by the court below: "The purpose of sending the record back to the alderman was to have it corrected to conform to the facts ...... If they saw fit to take their chances on an error which is amendable they must assume the consequences of their action."

Appellants further contend that the alderman was without power or authority to continue the hearing to February 24, 1938, without notice to the defendants or their counsel. This objection was not raised in the court below and is not therefore properly before us.

However, if a defendant has been properly served with a summons and fails to appear, a justice may adjourn the case without notifying the defendant. The language of HASSLER, J., in *Wenger & Brother v. Daniel Hartman,* 22 Lancaster Law Review 61 at p. 62, is pertinent: "If the defendant had been served with the

448

summons and had obeyed it, he would have been present when the case was continued and known to what time it was continued. It was not necessary, therefore, to serve him with a notice of the adjournment. That a justice can adjourn a hearing, see *Ackerman v. Stoner,* 7 L. L. R., 73; *Van Horn v. Independent Order,* 1 Kulp, 375; *Loftus v. Ball Club,* 1 Lack. Jr., 37."

We see no merit in the assignment of error. The same is overruled and the judgment of the court below is affirmed at costs of appellants.