Battles *v.* Nesbit, Appellant.

Argued April 15, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KENWORTHEY, JJ.

*Leland J. Culbertson,* for appellant.

No appearance was made nor brief filed for appellee.

OPINION BY KELLER, P. J., July 23, 1942:

This is an appeal by the defendant from the judgment of the Court of Common Pleas of Crawford County affirming the proceedings and judgment of an alderman of the City of Meadville in an action of trespass, brought into the common pleas court by the defendant on writ of certiorari.

The exceptions to the proceedings, as filed, challenged the sufficiency of the service, and return of service, of the summons, upon the defendant; but as the errors of omission assigned were cured by amendment allowed by the court below (see *Clinger v. Patterson,* 140 Pa. Superior Ct. 443, 14 A. 2d 371), the first three and the fifth reasons assigned were not pressed, leaving for our consideration only the fourth: "The alderman's record of the hearing is wholly insufficient in that the evidence upon which the judgment is based is not given thereon."

As amended, the alderman's transcript, so far as material, is as follows:

"Action entered in Trespass not exceeding $300.

"Summons, issued May 20, 1940, to H. J. Schrubb, Constable. Returnable the 28th day of May 1940 between the hour of 3:30 o'clock P.M., and 4:30 o'clock P.M.

"Served on Defendant N. A. Nesbit by handing a true and attested copy of this Summons to Mrs. N. A. Nesbit, his wife, on the morning of May 21, 1940, at their dwelling house in Vernon Township, Crawford County, Pa.

"So answers H. J. Schrubb, constable, on oath. The claim in the amount of $51.65.

"Plaintiff having previously filed a sworn statement

of damages repaired and receipted bill for same. Affidavit sworn to by an agent of M. E. Wyatt & Son. [Itemized statement of repairs made to plaintiff's automobile, amounting to $51.65 receipted and sworn to by H. D. Waid, shop foreman for M. E. Wyatt & Son, attached as Exhibit].

"And now May 28, 1940 at 4:30 P.M. defendant asks for continuance of the case. Case cont'd to June 4, 1940 at 4:30 P.M.

"And now June 4, 1940 at 4:30 P.M. Plaintiff appears with his attorney and his witnesses; defendant does not appear.

"Plaintiff is sworn according to law and after hearing proof and allegations; Judgment is publicly given in favor of Plaintiff and against the defendant for the full amount of claim $51.65, interest and the costs. Interest from May 20, 1940. Costs paid by Plaintiff.

"And now June 13, 1940 defendant procures a Transcript.

"And now June 14, 1940 Sheriff Harry Smith serves Writ of Certiorari."

Limited to the language of the assignment, the case must be ruled against the appellant. It is not necessary in a civil action before a justice or alderman that the evidence, or the substance thereof, on which the judgment is based be entered on the docket, as is required in summary convictions: *Taylor v. Tudor & Free,* 81 Pa. Superior Ct. 306, 309; *Ott v. Jordan,* 116 Pa. 218, 220, 224, 9 A. 321; *Carlisle v. Baker,* 1 Yeates 471, 472. It is only necessary that the docket show that a witness or witnesses were sworn and testified. Authorities based on summary convictions are not applicable, for, as pointed out in *Ott v. Jordan,* supra, since there is no criminal offense involved, the safeguards prescribed against unjust conviction for a crime are not needed. The alderman attached to and sent up with his amended transcript certain original notes, apparently made by

him, giving the substance of the plaintiff's testimony, and showing that on May 2, 1940, about 8:00 A.M. while he was proceeding south on Pennsylvania Avenue in Kerston, the *defendant, Nesbit, driving his car north,* on the wrong side of the road, and going about forty or forty-five miles per hour, ran into and hit plaintiff's car, standing still, head-on. The court below took these 'notes of testimony' into consideration and held that they established a clear case of trespass *vi et armis,* within the jurisdiction of the alderman under the decisions in *Strohl v. Levan,* 39 Pa. 177, 184; *Lassock v. Bileski,* 94 Pa. Superior Ct. 299, 302; *Knautt v. Massinger,* 116 Pa. Superior Ct. 286, 177 A. 56; *Paulson v. Eisenberg,* 134 Pa. Superior Ct. 503, 505, 4 A. 2d 585; *Sprout v. Kirk,* 80 Pa. Superior Ct. 514. If the 'notes' are part of the record on certiorari, they certainly establish the jurisdiction of the alderman in trespass, and show that injury to plaintiff's property was *directly inflicted by defendant.* But even without a reference to the 'notes of testimony', which were not entered on the alderman's docket or transcript, we think the judgment is sustainable.

The action was brought under the authority of the Act of March 22, 1814, 6 Sm. L. 182,[1] as enlarged and affected by the Acts of July 7, 1879, P. L. 194, and Section 1208 of the Vehicle Code of 1929, P. L. 905, said Section 1208 being a re-enactment of Section 30 of the Act of June 14, 1923, P. L. 718. The Act of 1814 conferred on justices of the peace and aldermen "jurisdiction of actions of trover and conversion and of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate in all cases where the value of the property claimed or the damages alleged to have been sustained shall not exceed one hundred dollars." Section 5 pro-

---

[1] Entitled, An act regulating the proceedings of justices of the peace and aldermen in cases of trespass, trover and rent.

vided that the act should not be construed to extend to actions of ejectment, replevin or slander, actions on real contracts for the sale of lands or tenements, actions for damages in personal assault and battery, wounding or maiming, or to actions for false imprisonment. The Act of 1879, P. L. 194, provided that aldermen and justices of the peace should have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions of trespass and of trover and conversion, wherein the sum demanded does not exceed *three* hundred dollars, except in cases of real contract where the title to lands or tenements may come in question, or action upon promise of marriage. We construed this act in *Knautt v. Massinger*, 116 Pa. Superior Ct. 286, 177 A. 56, and held that it not only enlarged the jurisdiction of justices and aldermen, previously conferred, from $100 to $300, but also that in using the term, 'actions of trespass', it removed the restrictions imposed by the Act of 1814 and included all actions of trespass, whether trespass *vi et armis* or *quare clausum fregit,* [or, it might be added, *de bonis asportatis*], and no longer limited their jurisdiction to actions of trespass brought for the recovery of damages for injury done or committed on real or personal estate, but included as well actions of trespass for personal assault and battery. The term, trespass, standing by itself, does not include 'trespass on the case'.[2] Hence jurisdiction has never been conferred on justices of the peace and aldermen with respect to actions of trespass on the case, commonly known in 1810-1814 and for many years prior thereto as 'actions on the case' or 'case'. See *Hughes v. Heiser*, 1 Binney 462 (1808) ; *Ream v.*

---

[2] "When I speak of trespass, I mean the action of trespass *vi et armis,* where the injury is immediate, and not an action of trespass on the case, where it is consequential, as a nuisance"; DUNCAN, J. in *Hobbs v. Geiss,* 13 S. & R. 417, 420.

*Rank,* 3 S. & R. 215 (1817) ; *Cotteral v. Cummins,* 6 S. & R. 343 (1821). The history of actions of trespass on the case, shortened in title long before 1800 into actions on the *case,* or *case,* is briefly and accurately stated in 1 Bouvier's Law Dictionary 425 (Rawle's 3d Revision), under the title, Case: "By the common law, and by the statute Westm. 2d, 13 Edw. I c. 24, if any cause of action arose for which no remedy had been provided, a new writ was to be formed, analogous to those already in existence which were adapted to similar causes of action. The writ of trespass was the original writ most commonly resorted to as a precedent; and in process of time the term trespass seems to have been so extended as to include every species of wrong causing an injury, whether it was *mal*feasance, *mis*feasance, or *non*feasance, apparently for the purpose of enabling an action on the case to be brought in the king's bench. It thus includes actions on the case for breach of a parol undertaking, now called assumpsit (see Assumpsit), and actions based upon a finding and subsequent unlawful conversion of property, now called trover (see Trover), as well as many other actions upon the case which seem to have been derived from other originals than the writ of trespass, as nuisance, deceit, etc. And, as the action had thus lost the peculiar character of a technical trespass, the name was to a great extent dropped, and actions of this character came to be known as actions on the case. As used at the present day, *case* is distinguished from *assumpsit* and *covenant,* in that it is not founded upon any contract, express or implied; from *trover,* which lies only for unlawful conversion; from *detinue* and *replevin,* in that it lies only to recover damages; and from *trespass,* in that it lies for injuries committed without force, or for forcible injuries which damage the plaintiff consequentially only, and in other respects."

In Saunders' Reports of the Pleadings and Cases in the Court of King's Bench (1678-1684), he speaks of "Action on the Case" (I. 195b, n. (3); I. 230; I. 291d; I. 312a; I. 322). In Chitty's Pleading, Vol. 1, pp. 142-3, 7th Am. Ed. (1837), the author said: "It is frequently difficult to determine when the injury is to be considered forcible or not, and when immediate or consequential, and therefore whether trespass or case is the proper remedy". In Troubat & Haly's Practice (5th Ed. Brightly-1880) personal actions were divided into, assumpsit, debt, covenant, detinue, case, trover and trespass; the last being divisible into trespass *vi et armis,* trespass *de bonis asportatis,* and trespass *quare clausum fregit.* See also Perry's Common Law Pleading (1897) pp. 77-82; McKinney on Common Law Pleading (1914) secs. 6, 7; 81-84, pp. 4, 58-61. The well-settled distinction in our law between actions of trespass and actions on the case was disturbed to some extent by the Practice Act of May 25, 1887, P. L. 271, which abolished the distinctions theretofore existing between actions *ex contractu* and actions *ex delicto, so far as relates to procedure,* [but in no other respect], and provided, inter alia, that all damages theretofore recoverable in trespass, trover or trespass on the case, should thereafter be sued for and recovered in one form of action, to be called an "action of trespass". This act, however, did not affect the jurisdiction of justices of the peace and aldermen: *Sprout v. Kirk,* 80 Pa. Superior Ct. 514, 516. It gave them no jurisdiction in actions on the case: *Birkhead v. Ward,* 35 Pa. Superior Ct. 235, 240. Nor did section 30 of the Act of June 14, 1923, P. L. 718, or its re-enactment in section 1208 of the Vehicle Code of 1929, confer jurisdiction on justices and aldermen in actions on the case, (trespass on the case), growing out of automobile accidents: *Paulson v. Eisenberg,* 134 Pa. Superior Ct. 503, 506-513, 4 A. 2d 585.

It is clear that the Act of 1814 and the Act of 1879

when using the term, 'actions of trespass', in conferring jurisdiction on justices of the peace and aldermen, meant an action to recover damages sustained by the plaintiff as the immediate consequence of some wrong done forcibly to his person or property by the defendant. It is just as clear that when used by a justice or alderman in bringing such an action, pursuant to those statutes, it should be given the same meaning unless something on the docket requires a different construction. Hence when a justice or alderman issues a summons in an action of trespass, without more, it will be presumed that it is the action of trespass of which he was given jurisdiction by the Acts of 1814 and 1879. No harm can come to a defendant in this way, for if it is shown that the wrong was not committed by the defendant himself, or by his agent or servant, *in his presence,* so as to bring it within the action of trespass, on *appeal* to the common pleas, the judgment will have to be in the defendant's favor; for if it appears on the trial of the appeal that the *justice* had not jurisdiction, the *common pleas court* has no jurisdiction of the *appeal. Twp. of Moreland v. Gordner,* 109 Pa. 116; *Collins v. Collins,* 37 Pa. 387, 389; *Birkhead v. Ward,* 35 Pa. Superior Ct. 235, 240-241; *Katch v. Benton Coal Co.,* 19 Pa. Superior Ct. 476, 477, 481.

The amended transcript of the alderman showed that the action was one of which jurisdiction was expressly committed to him; that the writ of summons was duly served on the defendant; that previous to the issuance of the summons, the plaintiff had had the damage done to his automobile repaired and produced a receipted itemized bill for the same, (sec. 1208 of Vehicle Code, supra), sworn to by the shop foreman of the party making the repairs, who had oversight of the work; that at the time fixed for the hearing the defendant secured a continuance; and that at the hearing held pursuant to said continuance, the plaintiff was duly sworn and testified; and that judgment was

thereupon entered for the plaintiff and against defendant for $51.65, the amount paid for said repairs, and interest from May 20, 1940 and costs. This was sufficient to sustain the judgment and proceedings on certiorari. A justice is not required to keep his docket in civil cases with the fullness or nicety of a *court record*.

Judgment affirmed.