## Geisen v. Conrad

*Samuel Gubin*, for defendant.

TROUTMAN, J., January 12, 1953.—This is a writ of certiorari directed to Charles E. Weidner, justice of the peace, upon the application of defendant, Charles R. Conrad.

Defendant filed eight exceptions to the record of the justice of the peace which except to the jurisdiction of the justice in respect to the subject matter in controversy and of defendant, as well as irregularities appearing on the face of the record.

Defendant's third exception to the record of the justice is that while the transcript shows the summons to have been issued on March 26, 1952, returnable March 31, 1952, the original summons returned with the transcript and made a part thereof and a part of the record in this case, shows the summons to have been issued on March 18, 1952, and commands defendant to appear on March 31, 1952, the return day being more than eight days from date of issuance of the summons.

Under the provisions of the Act of March 20, 1810, P. L. 208, 42 PS §422, it is provided that a justice of the peace is empowered and required, upon complaint, to issue a summons, which summons shall command defendant to appear before the justice on a certain day therein to be expressed, not more than eight nor less than five days after the date of the summons.

The transcript of the justice of the peace shows that a summons was issued on March 26, 1952, returnable

March 31, 1952. The original summons which is attached to the transcript is dated March 18, 1952, and the return of service on the face of the summons shows that it was served on March 26, 1952, upon defendant. It is well settled that a summons is invalid, if made returnable more than eight days after it is dated: Yohe v. Rockel, 9 Kulp 441; Cash v. Good, 18 D. & C. 688. Consequently, the third exception must be sustained.

Defendant's second exception is to the effect that while the transcript sets forth that the action was in trespass for a suit arising out of a motor vehicle accident, the original summons returned with the transcript and made a part thereof and a part of the record in this case, commands defendant to answer "to a suit of assumpsit arising from contract either expressed or implied" not exceeding $300.

The transcript of the justice clearly shows that the action before him was one in trespass arising out of a motor vehicle accident at the corner of Line Street and Fairmount Avenue in Sunbury on September 3, 1952.

In Van Fleet v. Stone, 29 Lack. Jur. 161, it was held that where an action before an alderman was brought in assumpsit and at the trial plaintiff made claim for damages to his automobile by a collision due to defendant's reckless driving, the variance between the form and the cause of action is fatal to the proceedings and the judgment of the alderman will be reversed on certiorari.

In Sprecher Bros. v. Rothermel, 13 Northum. 295, in an opinion by Cummings, J., it was held that the record of a justice of the peace must affirmatively show jurisdiction both as to the parties and the subject matter, and where the record shows that a summons was issued in an action of assumpsit and a bill filed and referred to as plaintiff's statement of

claim discloses the action is for damages to an automobile, the action is trespass vi et armis, and judgment entered by the justice for want of an affidavit of defense was reversed.

Since the summons issued by the justice was in assumpsit and his transcript shows that it was in fact an action in trespass, there is a fatal variance and defendant's second exception must be sustained.

Defendant's fourth, fifth, and sixth exceptions complain that the record of the justice does not show a hearing to have been had; that the hearing was fixed for 7 o'clock and defendant having failed to appear at 7:30 p.m., the hearing had to be called off, and the record does not show another date and time for said hearing; that the record shows that defendant did not appear in person, nor was there any appearance for him and that no witnesses were sworn and no evidence given in support of plaintiff's claim; and that a judgment was entered by the justice in the following manner:

"The only recourse to take according to law is to find the defendant, Charles R. Conrad, for not appearing at the hearing guilty according to law and assess him $39.72 in favor of Hubert Geisen plus the costs $9.60, or a total of $49.32."

The transcript of the justice fails to disclose whether or not an affidavit of plaintiff's claim or a bill for repairs was served upon defendant. The transcript does show that a hearing was to be held at 7 o'clock and after waiting until 7:30 o'clock, the hearing was called off because defendant, Charles R. Conrad, failed to appear. The transcript then sets forth the names of the witnesses present for Hubert Geisen. The record does not disclose in any way whether plaintiff or any of the witnesses were sworn by the justice and offered testimony. As a matter of fact, the statement con-

tained in the transcript to the effect that the hearing was called off because of defendant's absence would preclude any inference that anyone was called as a witness. The transcript then recites that the only recourse for the justice to take is to find defendant guilty according to law for not appearing at the hearing and assess him $39.72 in favor of plaintiff, plus the costs. The meaning which we derive from this language is that a judgment was given plaintiff by default without the production of any evidence whatsoever. Furthermore, we have no way of determining whether this judgment was entered on the evening of March 31, 1952, or at some subsequent date.

Unquestionably, the transcript is fatally defective in this regard. Evidently, from the transcript, the justice gave judgment in favor of plaintiff and against defendant on account of defendant's failure to appear. The justice is empowered to enter a judgment by default under the provisions of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 6, 42 PS §471. However, before giving judgment, the justice must hear evidence in support of plaintiff's claim and the record must show that such evidence was heard: Johnston v. American Casualty Company, 23 West. 178; Noldy v. White, 51 Lack. Jur. 158; Robbins & Son v. Griner, 27 Dist. R. 538.

While it is not necessary in a civil action before a justice or alderman that the evidence, or the substance thereof, on which the judgment is based be entered on the docket, as is required in summary convictions, it is necessary that the docket show that a witness or witnesses were sworn and testified: Battles v. Nesbit, 149 Pa. Superior Ct. 113, 115. Even though a justice is not required to keep his docket in civil cases with the fullness or nicety of a court of record, nevertheless, his transcript must show that a hearing was held and that at least one witness was sworn and testified.

The justice could not have entered a judgment for want of an affiadvit of defense under the Act of July 7, 1879, P. L. 194, sec. 2, 42 PS §451, since that act only applies to actions before a justice of the peace on any contract for the payment of money, either expressed or implied.

Even though there had been a receipted bill for repairs to plaintiff's automobile or a statement of the damages claimed, attached to the summons, yet the justice of the peace would have had no authority, without testimony against defendant, to enter judgment by default for want of an appearance. Rehnert v. McGovern, 46 Schuyl. 29.

Finding the fourth, fifth and sixth exceptions of defendant to the record of the justice well taken, the same are hereby sustained.

Having sustained defendant's second, third, fourth, fifth and sixth exceptions to the record of the justice, it is unnecessary to consider the remaining exceptions. However, in respect to the eighth exception which complains that the summons commands defendant to appear at 7 o'clock and not between two certain hours, we are of the opinion that it is sufficient if the summons is made returnable at a certain hour. See Graham v. Christ, 1 W. N. C. 169.

Having found fatal defects on the face of the record of the justice of the peace, the judgment must be reversed and costs placed upon plaintiff.

### Order

And now, to wit, January 12, 1953, the second, third, fourth, fifth and sixth exceptions filed by defendant are sustained, the judgment of the justice of the peace is reversed and judgment is hereby directed to be entered against Hubert Geisen, plaintiff, and in favor of Charles R. Conrad, defendant, for costs.