## Novak v. Smith

*Francis H. S. Ede*, for defendant.

BARTHOLD, P. J., July 2, 1962.—This is a writ of certiorari directed to Samuel A. Pellegrino, justice of the peace, upon the application of defendant, Robert Smith.

The transcript returned in response to the writ contains the following recapitulation of the proceedings before the justice of the peace:

"Summons in trespass issued February 22, 1962, to Walter Bartholomew, Constable. Returnable the Second day of March 1962, between the hours of 9:00 o'clock A.M., and 10:00 o'clock A.M. Served on defendant by handling to (wife of the defendant) Carrie, a true and attested copy of the original summons."

Summons was served February 23, 1962, at 11:15 a.m., at the residence of defendant, R. D. No. 4, Easton, Pennsylvania.

"Summons was issued for damages caused to plaintiff's car, arising from an automobile accident.

"And now, March 2, 1962 at 10:10 a.m. judgment is being entered against the defendant in favor of the plaintiff for want of filing an Affidavit of Defense and failure to appear."

Defendant has excepted to the record on the ground that it discloses that the justice of the peace entered a default judgment in a trespass action without hearing *any* evidence in support of plaintiffs' claim.

The exception is well taken. While it is not necessary in a civil action before a justice, or alderman, that the evidence or the substance thereof on which the judgment is based, be entered on the docket as is required in summary convictions, it is necessary that the docket show that a witness or witnesses were sworn and testified: Battles v. Nesbit, 149 Pa. Superior Ct. 113, 115.

A justice of the peace has no authority to enter a judgment by default in a trespass action. The justice must hear evidence in support of plaintiff's claim and the record must show that such evidence was heard: Petrovich v. Welsh, 1 D. & C. 2d 808, 16 Beaver 200; Stein v. Kearney, 7 Bucks 30; Geisen v. Conrad, 85 D. & C. 219, 25 Northumb. 26.

Obviously, in the instant case the record does not

show that the justice of the peace heard testimony in support of plaintiffs' claim. Not only is the record silent on this subject, but it gives rise to the reasonable inference that no testimony was heard. It sets forth merely that "judgment is being entered against the defendant in favor of the plaintiffs for want of filing an affidavit of defense and failure to appear."

The justice of the peace could not legally enter a judgment for want of an affidavit of defense under the Act of July 7, 1879, P. L. 194, sec. 2, 42 PS §451, since the act applies only to actions before a justice of the peace "on any contract for the payment of money, either expressed or implied."

The justice of the peace could not legally enter a default judgment for want of appearance by defendant under the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 6, 42 PS §471, if plaintiff did not appear. A record which does not show an appearance by plaintiff is fatally defective: Eilenberger v. Bush, 2 Dist. R. 50, 3 Northumb. 284; Karche v. Bach, 1 Lehigh 118; McCale v. Kulp, 8 Phila. 636; Tyler v. Anthony, 2 Luz. 238; Tubbs v. Drum, 11 Luz. 284.

The record is also defective in that judgment was entered without specifying the amount thereof. "Judgments of justice of the peace, which have been regarded as records, must show all the requisites which may be imposed by statutes, and they must meet the tests of definiteness and certainty, to be valid and effective": 23 P. L. Encyc. Magistrates, §61, p. 190.

Tested by the foregoing legal principles, we are of the opinion that the judgment entered by the justice of the peace is fatally defective and must be stricken.

### Order

And now, July 2, 1962, defendant's exceptions are sustained, the judgment of the justice of the peace is stricken, and judgment is hereby entered for defendant; costs to be paid by plaintiffs.