## Burt v. Greenville Borough

*Robert F. Banks*, for plaintiffs.
*Archie O. Wallace*, for defendant.

STRANAHAN, J., April 15, 1966. — This matter is before the court pursuant to the issuance of a writ of certiorari. The case originated when an affidavit of claim in trespass in an amount in excess of $200, but not in excess of $500, was filed before Samuel J. Orr, Jr., a justice of the peace in the Borough of Greenville.

This affidavit of claim in trespass was brought by plaintiffs and named the Borough of Greenville as defendant. A summons in trespass was issued by the justice of the peace and was served upon defendant. Pursuant to the summons, a hearing was scheduled, at which time plaintiffs appeared, were duly sworn and testified in support of their claim in trespass. Defendant did not appear; nor was any testimony offered by it.

Sixteen days later, the justice of the peace gave a judgment for plaintiffs against defendant in the sum

of $195. On the same date that the judgment was rendered in favor of plaintiffs, defendant filed with the prothonotary a praecipe for a writ of certiorari, and the writ was issued. A transcript has been returned by the justice of the peace, to which defendant has filed exceptions.

The question before the court is whether the transcript returned by the justice of the peace is sufficient, or whether based on that record, the judgment of the justice of the peace should be reversed and the proceedings set aside.

Defendant advanced the argument that since this action arose from damages caused plaintiffs by the backing up of a sewer into the basement of a private home, the action involved is not a direct trespass, but rather a trespass on the case. This being so, defendant argues that the justice of the peace has no jurisdiction in trespass on the case, and, therefore, had no jurisdiction to proceed in this matter.

An examination of the authorities indicates that a justice of the peace does not have jurisdiction in trespass on the case: Battles v. Nesbit, 149 Pa. Superior Ct. 113.

It is questionable, however, that this rule of law helps defendant. An examination of the transcript returned by the justice of the peace shows the following:

"6/24/63 Affidavit of claim in trespass filed. Amount claimed in excess of $200.00 but not in excess of $500.00.

"6/27/63 Summons in trespass issued. Returnable July 3, 1963 between the hours of 9:00 o'clock A.M. and 10:00 o'clock A.M. at the office of Samuel J. Orr, Jr. 12 Canal St., Greenville, Pa.

"6/28/63 Summons returned by Fred Reinhart, Constable, as having been served upon defendant through John Beachler, Secretary.

"7/3/63 Plaintiffs appeared with their attorney.

Defendant did not appear. Plaintiffs Frank S. Burt and Hazel G. Burt, being duly sworn, testified at length regarding plaintiffs claim in trespass, hearing concluded.

"7/19/63 Judgment is given for the plaintiffs against defendant in the sum of $195.00. Defendant notified thereof in writing July 13, 1963.

"7/19/63 Writ of certiorari issued.

"9/9/63 Rule entered in return writ.

"2/18/64 Transcript returned pursuant to said rule. No docket entries were made.

"/s/ Samuel J. Orr, Jr."

A writ of certiorari requires that this court examine the record. If the record is regular, the court has no choice but to let it stand. No extrinsic testimony can be received by the court, but rather, the court must confine itself solely to an examination of the record made by the justice of the peace. The record as above set forth in this case is quite limited, but yet it seems to meet the minimum requirement of the law. In Battles v. Nesbit, supra, the court held that it is not necessary that the evidence, or the circumstances thereof on which the justice of the peace based his judgment, be entered on the docket. It is only necessary that the docket show that a witness or witnesses were sworn and testified. The transcript of Justice of the Peace Orr meets that requirement.

The interesting rule of Battles v. Nesbit, supra, is that when a justice of the peace issues a summons in an action of trespass, it will be presumed that it is an action of trespass of which he was given jurisdiction by the Act of March 22, 1814, 6 Sm. L. 182, and the Act of July 7, 1879, P. L. 194. Applying this rule to the present case, since the summons was issued in trespass, it must be presumed that it was the type of trespass of which the justice of the peace has jurisdiction. With such a presumption, and since the court cannot

consider evidence that does not appear in the transcript, there is no choice but to hold that the justice of the peace had jurisdiction in this case.

As pointed out in the case of Battles v. Nesbit, supra, defendant has the right to appeal, at which time the court will determine whether this is an action in trespass of the type which the justice of the peace has jurisdiction, or the court will determine that it is trespass on the case and that the justice of the peace had no jurisdiction. If the latter is true, the common pleas court would then rectify the situation. However, if defendant elects to proceed by certiorari rather than appeal, then it puts this court in a position where it must decide the case solely on the transcript.

Defendant further argues that since the Borough of Greenville is the named defendant, this matter must be trespass on the case, rather than trespass, because the action would necessarily arise from the negligence of defendant's agent or servant. This, defendant argues, would create a situation where there would be trespass on the case, since defendant itself cannot be the direct cause of the negligence.

Under the common law, in determining the distinction between trespass and trespass on the case, it would appear that the negligent action of a servant or agent was trespass on the case. There is one exception to this rule, however, and that is when defendant directed its servant or agent to do a negligent act, then it was trespass, rather than trespass on the case. The distinction seems to be whether the action was willful negligence directed by the master or whether it was negligence by the servant without the knowledge of the master. Since there is an exception, the court has no right to assume that this must be trespass on the case.

Applying this reasoning to the present case, since it appears that the transcript meets the minimum requirements, and since it appears that the summons in tres-

pass will be presumed to be the type of trespass over which a justice of the peace has jurisdiction, there is no reason appearing in the transcript for this court to reverse the justice of the peace or to set aside the judgment for want of jurisdiction.

ORDER

And now, April 15, 1966, the exceptions taken by defendant are dismissed, and the judgment is affirmed. Defendant having excepted to the above order of court, exceptions are granted.